FRANK P. COX, Plaintiff, v. JOHN J. MCELLIGOTT, as Fire Commissioner and as Treasurer of the New York Fire Department Relief Fund, Defendant.

Supreme Court, Special Term, New York County, July 7, 1937.

*Edward H. Burger* [*W. H. K. Davey* of counsel], for the plaintiff.

*Paul Windels, Corporation Counsel* [*Nicholas Bucci* of counsel], for the defendant.

LEVY, J. This application is for summary judgment made by defendant to dismiss the complaint. Plaintiff, a former fireman, was retired November 1, 1926, and awarded a pension of $1,250 per annum pursuant to the provisions of section 70 of the Greater New York Charter. In 1932 he was appointed fireman at Hudson River State Hospital, a State institution, at a salary of $1,500, with maintenance. This position he still holds. Immediately upon his appointment to the State position, his pension was suspended by operation of section 1560 of the charter and has not been paid since that date. He now sues to recover the amount so withheld.

It is undisputed that section 1560 bars plaintiff from any relief. The plaintiff raises an issue as to the constitutional validity of that section, which reads as follows: " If a person who may hereafter be awarded a pension from the city of New York or any of the departments thereof, or out of any fund under said city or any of its departments, shall hold any office, employment or position under the State or city of New York or any of the counties included within said city, except the offices of commissioner of deeds, notary public, or an elective public officer, the payment of said pension shall be suspended and forfeited during and for the time he shall hold such office, position, or employment; provided, however, that this section shall not apply where the pension and the salary or compensation of the office, employment or position amount in the aggregate to less than twelve hundred dollars annually."

The constitutional provision which it is said to contravene is article 1, section 1, which provides that " No member of this State shall be disfranchised, or deprived of any of the rights or privileges secured to any citizen thereof, unless by the law of the land, or the judgment of his peers." In support of the contention that the section referred to is unconstitutional, the plaintiff cites the opinion of the late Justice LEVENTRITT in *People ex rel. Price* v. *Woodbury* (38 Misc. 189). In that case a section foreman in the department of street cleaning sued for a peremptory writ of mandamus to be reinstated to his position from which he had been removed by reason of the fact that he was the recipient of a pension from the police department. This removal occurred by virtue of section 1560 of the charter as it then read. According to that provision operative on January 1, 1902, any person who was the recipient of a city pension forfeited any office or employment under the city of New York or any of the counties included in it. The

section was held unconstitutional, the court holding that the receipt of a pension from a city department should not disqualify one from the performance of the duties of any of the thousands of offices or positions at the disposal of the municipality, especially where old age or infirmity is not a factor. To say to such a person, the court continued (p. 194), " by virtue of a sweeping, general provision, entirely unrelated to the particular act or law under which he receives his pension, you shall not be eligible to any office, position, or employment so long as you are in receipt of your pension or unless you give up your pension, is to my mind equivalent to partial disfranchisement and to the denial of those privileges and rights secured to other members of the State."

The decision of the court in that case is perfectly sound but, it seems to me, has no application. It is one thing to suspend a person's pension because he has obtained a new position under the government and it is another to deprive him of the opportunity for employment because he is receiving the pension. In fact, in the very opinion of Judge LEVENTRITT, the constitutionality of the statute as it stands now is apparently upheld by anticipation as follows (p. 195): " If it is deemed advisable to limit a city pensioner's right to his pension to his continued nonacceptance of city employment, the prohibition would have to be incorporated, if at all, in the act granting him his pension."

A number of observations are further contained there as to the nature of the pension as a gratuity given without consideration, etc., but these we need not consider because we must regard a pension which has once been granted as conferring a vested right which cannot be impaired. (*Roddy* v. *Valentine*, 268 N. Y. 228.) In that case it was held that a person who had been retired in August, 1924, with a pension of $1,250 per annum could not be deprived of his pension by reason of accepting office, which subsequent legislation barred him from accepting under penalty of having his pension suspended. In the instant case, however, plaintiff was retired at a time when section 1560 as it reads now was already in force. He received his pension subject to the implied condition subsequent contained in section 1560 to the effect that if he thereafter accepted another State office, his pension would cease. That provision did not constitute an arbitrary and unreasonable restriction upon plaintiff's activity or his right to hold public office.

In *New York City Employees' Retirement System* v. *Eliot* (267 N. Y. 193) the constitutionality of the statute seems to have been sustained by implication, at least. In that case an employee of the city was appointed a member of the State Board of Licensing

for Professional Engineers and Land Surveyors and thereupon applied for retirement from the city service. After the city discovered his employment by the State it instituted an action to recover payments of the retirement allowance upon the theory that such payments had been made in violation of section 1560 of the charter; The Court of Appeals sustained the judgment of the trial court in favor of the plaintiff, holding that payments were made under a mistake of law and plaintiff was not estopped from recovering back the moneys paid. It also held that section 1560 of the charter properly suspended a retired employee's pension during the incumbency of his State office, and no action of the board of estimate and apportionment was required to effect the suspension. Even the language in *Roddy* v. *Valentine (supra)* approves the legality of the provision of section 1560 by which payment of the pension may be suspended temporarily, if the pensioner takes office, employment or position under the State or city.

Plaintiff argues with some plausibility that since a retired employee does not lose the benefit of his pension if he accepts private employment, it is unfair that he should lose it if he takes a State or city position. The analogy is not entirely well founded. One who is a pensioner is in effect being paid something in the nature of a deferred salary for his past services. The payment is, for practical purposes, deemed sufficient to maintain him. If he should be permitted to take another city position, he would in some respects be holding two public positions at the same time and depriving some other deserving citizen of an opportunity for employment in the public service.

Furthermore, in the recent case of *Jones* v. *Valentine* (decided by Mr. Justice MAY, Supreme Court, Queens County, N. Y. L. J. April 29, 1937, at p. 2147), the identical situation was presented, except that the applicant was a member of the police department. The application there of the defendant for summary judgment dismissing the complaint was granted. I see no reason for deviating from this result.

The contention that section 1560 is unconstitutional is overruled. Motion to dismiss the complaint under rule 113 of the Rules of Civil Practice is granted. Settle order.