Laurence D. Kieran and John F. Kieran, as Executors, etc., of James M. Kieran, Deceased, Plaintiffs, *v.* Hunter College Retirement Board and The City of New York, Defendants.

First Department, November 18, 1938.

*Harry Merwin* of counsel [*John F. Collins* with him on the brief; *Bandler, Haas & Collins,* attorneys], for the plaintiffs.

*Arthur Bainbridge Hoff, Jr.,* of counsel [*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel*], for the defendants.

Townley, J.  James M. Kieran retired under the Hunter College retirement system September 1, 1933, on a retirement allowance of $10,445.46 per annum.  The pension was paid to and including March 31, 1936.  Mr. Kieran died April 25, 1936.  The Hunter College retirement board and the city of New York refused to pay twenty-five thirtieths of the $870.45 due and payable April 30, 1936.  The question presented for decision is whether there should be such an apportionment.

Mr. Kieran at the time of his retirement was entitled to receive under one of the options made available by subdivision L of section 1146 of the Greater New York Charter (now N. Y. City Administrative Code, section G41–48.0), " his benefits in a retirement allowance *payable throughout life.*"  He elected to exercise this option and became entitled under the plain terms of the statute to receive

this allowance from the date of his retirement to and including the date of his death.

The defendants urge, first, that an apportionment is prohibited by section G41–49.0 of the Administrative Code. This section provides that a retirement allowance " shall be paid in equal monthly instalments, and shall not be decreased, increased, revoked or repealed except as otherwise provided in section G41–45.0 of the code." We find nothing in this section of the code which prohibits the apportionment of the unpaid part of a pension. The fixing of a date for regular payments is obviously done for administrative convenience. It does not indicate any intention to cause a forfeiture of unpaid parts of pensions.

Defendants also claim that payments under the Hunter College retirement fund are subject to the rule governing common-law annuities, i. e., that such annuities were not apportionable except in two cases not related to the circumstances herein. (*Kearney* v. *Cruikshank*, 117 N. Y. 95.)

The beneficiary's interest in a pension is vested and in the absence of some statutory reservation it may not be diminished or otherwise adversely affected. (*Roddy* v. *Valentine*, 268 N. Y. 228.) A retirement pension is in the nature of pay withheld to induce continued faithful service. It amounts to compensation for services previously rendered. (*Matter of Mahon* v. *Board of Education*, 68 App. Div. 154, 156; affd., 171 N. Y. 263.) Under the retirement system the nature of the pension takes the cause out of the normal common-law annuity rule. Death is no obstacle to the collection of an unpaid balance of a decedent's compensation for work already performed. It is also true that the common-law rule has been abandoned in this State and the apportionment of the amount due is expressly authorized by section 204 of the Surrogate's Court Act. While the Legislature might have provided that under the retirement system there should be no apportionment, in the absence of a clear provision such a forfeiture will not be presumed. It was said in *Matter of Juilliard* (238 N. Y. 499) that " a stipulation against the statutory rule of apportionment should not be implied from words of doubtful construction."

In the case before us no words of doubtful construction exist. No part of the statute indicates an intention to prevent an apportionment.

Judgment should be directed for plaintiffs, without costs.

Martin, P. J., Untermyer, Cohn and Callahan, JJ., concur.

Judgment unanimously directed in favor of the plaintiffs, without costs. Settle order on notice.