LOTTINGER, Judge.
This is an appeal by Edward M. Young, an employee of the State of Louisiana, to the Louisiana Civil Service Commission, asking that his notice of retirement be set aside and annulled, and that he be reinstated in his job with the Louisiana Department of Highways. The Civil Service Commission dismissed the appeal, and the appellant has now appealed to this Court. The Department of Highways has answered the appeal.
The facts, all of which are agreed upon by both parties, are as follows. The appellant, Edward M. Young, was born on July 5, 1897, and, therefore, attained the age of sixty-five (65) years on July 5, 1962. He has been employed by the Louisiana Department of Highways since May 18, 1953, and accumulated ten (10) years of creditable service with said Department on May 18, 1963. Although Mr. Young is not insured by the Federal Social Security Act, he is a member of the Louisiana State Employees’ Retirement System. By letter from the Louisiana Department of Highways dated January 31, 1963, Mr. Young was advised that, in accordance with Louisiana Revised Statutes, Title 42, Section 691, (Act 54 of 1958), he was being retired on May 15, 1963.
On February 6, 1963, appellant, through his attorney, filed his Notice of Appeal with the Louisiana Civil Service Commission on the grounds that “* * * such notice of retirement constitutes a discrimination against him, inasmuch as he has not completed fifteen (15) years service with the state. (LRS 42:585).”
LSA-R.S. 42:585 (Section 1 of Act 108 of 1952), upon which appellant bases his appeal, provides as follows:
“Effective beginning July 1, 1952, except as herein otherwise specifically provided, any member in the service who shall have attained the age of sixty-five years shall be retired forthwith, if such member shall then have completed at least fifteen years of creditable service, but if such member shall not have completed at least fifteen years of creditable service, retirement of the member shall occur upon completion of fifteen years of creditable service or upon attainment of age seventy, which *393 ever event shall first occur. In any case in which the employer certifies that the continuance in service of a member who shall have attained, an age of sixty-five years or over would be advantageous to the state service by reason of his expert knowledge and qualifications, and upon written application of the member and his employer, the board may authorize the continuance in service of such member beyond such age for periods of one year.1’
On the other, hand, Act 54 of 1958, of which Sections 1 and 2 comprise LSA-R.S. 42:691, under which the Department of Highways seeks to retire appellant, provides as follows:
“Effective January 1, 1959, any employee of the State of Louisiana, or any political subdivision thereof, except elected officials and department heads appointed and commissioned by the governor, who is insured under the Federal Social Security Law, or who is a member of any public employees’ retirement system, and for whom the state or any political subdivision thereof is made or is liable for contributions toward his retirement, who shall have attained the age of sixty-five (65) years shall be separated from the public service by his appointing authority if such employee is eligible for retirement under either the Social Security Act or the retirement system of which he is a member. If such employee is not eligible for retirement under either the Federal Social Security Act or the retirement system of which he is a member separation shall occur whenever he shall become eligible under either system or upon attainment of age seventy (70), whichever event shall first occur. * * * ”
Appellant takes the position that upon his employment with the Department of Highways in 1953 he became vested with certain rights under the provisions of LSA-R.S. 42:585, and, that, therefore, the provisions of LSA-R.S. 42:691 are unconstitutional as they are repugnant to Article 4, Section 15, of the Constitution of the State of Louisiana. Article 4, Section 15 of the Louisiana Constitution provides as follows:
“No ex-post facto law, nor any law impairing the obligation of contracts, shall be passed; nor shall vested rights be divested, unless for purposes of public utility, and for just and adequate compensation previously paid.”
The first question to be considered is whether or not the provisions of LSA-R.S. 42:585 bestowed a vested right upon appellant when he was employed by the Department of Highways in 1953. American Jurisprudence Vol. 11, Sec. 370, page 1199, dealing with Constitutional Law, states:
“A right cannot be regarded as vested, in the constitutional sense, unless it amounts to something more than a mere expectation of future benefit or interest founded upon an anticipated continuance of the existing general laws.” 11 Am.Jur. Constitutional Law, 370. (Emphasis ours)
The Courts of Connecticut have defined ‘vested rights’ as follows:
“Vested rights include title, legal or equitable, ‘to the present or future enforcement of a demand, or a legal exemption from a demand made by another,’ although it must be ‘something more than such a mere expectation as may be based upon an anticipated continuance of the present general laws.’ ” Massa v. Nastri, 125 Conn. 144, 3 A.2d 839, 120 A.L.R. 939.
In Illinois the Courts have held:
“It is true that the legislature can not pass an act depriving a citizen of any vested right, but to be a vested right, ‘It must be something more than a mere expectation based upon an anticipated continuance of the existing law. It must have become a title, legal or equitable, to the present or future enjoyment of property or to the present *394 or future enjoyment of the demand, or a legal exemption from a demand made by another. If, before rights become vested in particular individuals, the convenience of the State induces amendment or repeal of the laws, these individuals have no cause to complain.’ People ex rel. Foote v. Clark, 283 Ill. 221, 119 N.E. 329. Of like import is the Case of People ex rel. Eitel v. Lindheimer, 371 Ill. 367, 21 N.E.2d 318, 321, 124 A.L.R. 1472.” Smith v. Hill, 12 Ill.2d 588, 147 N.E.2d 321, 73 A.L.R.2d 540.
Coming closer to home, the Orleans Court of Appeal in Bowen v. Board of Trustees of the Police Pension Fund, et al., La.App., 76 So.2d 430, and upon which the Louisiana Supreme Court refused writs, considered a factual situation which is strikingly similar to the one before us. In that case a police officer brought action against the Board of Trustees of the Police Pension Fund for a declaratory judgment to determine the validity of statutes affecting his right to retire after sixteen years of continuous active service. At the time he entered service with the New Orleans Police Department, the legislative act provided for voluntary retirement after sixteen years continuous active service. Subsequent to his entry into service the law was changed to increase the length of required service from sixteen to twenty years. The petitioner took the position that the act increasing the length of service was unconstitutional inasmuch as he had acquired vested rights under the prior law at the time he entered service with the Police Department and that, under the provisions of the Louisiana Constitution, he could not be divested of these rights. In that case the Court held that his rights of retirement did not become vested until such time as he became eligible for retirement, and that prior to his eligibility the rights were still inchoate and subject to subsequent legislation. Quoting from decisions rendered by the New York Courts, the Court said:
“ * * * when an employee who is a member of any retirement system, whether it affects policemen, firemen, school teachers, or other public employees, has fully complied with all the requirements making him eligible to a retirement allowance, whether he chooses to ask for it then or later, he has a vested right to such allowance which cannot be adversely affected by subsequent legislation, except for a cause which we will refer to hereinafter. Until the employee has become eligible, as stated by these decisions, his right to the retirement allowance is inchoate, and it may be affected by subsequent legislation. Such is also the holding of Roddy v. Valentine, 268 N.Y. 228, 197 N.E. 260, supra; Kieran v. Hunter College Ret. Board, supra, (255 App.Div. 378, 7 N.Y.S.2d 612); Cox v. McElligott, 163 Misc. 619, 298 N.Y.S. 805. See, also, Hammitt v. Gaynor, Sup.Ct., 144 N.Y.S. 123.” Bowen v. Board of Trustees of Police Pension Fund, La.App., 76 So.2d 430.
It is apparent, therefore, that the rights of retirement of Mr. Young were not vested rights at the time of enactment of Act No. 54 of 1958 (LSA-R.S. 42:691). It is also apparent that his retirement is subject to the provisions of said act and, at least as far as he is concerned, the provisions of this act repealed the provisions of Act 108 of 1952 (LSA-R.S. 42:585). Inasmuch as he had no ' vested right to retirement after fifteen years service during 1958, the 1958 Act is not unconstitutional as depriving him of his vested rights.
The answer to the appeal filed by the Department of Highways is directed at the refusal of the Civil Service Commission to grant its motion for a summary judgment under the provisions of Civil Service Rule 12.9, which reads as follows:
“If a classified employee is retired he is considered as separated without prejudice and does not have a right of appeal to the Commission.”
Inasmuch as we have held that the appellant had no vested rights, and that it was *395 mandatory under the law that the Department of Highways retire appellant at the age of 65 years after ten years continuous service, it is not necessary that we consider the questions raised by the Department.
For the reasons assigned the holdings of the Civil Service Commission dismissing the appeal, will be affirmed, all costs of this appeal shall be paid by appellant.
Judgment affirmed.