CULPEPPER, Judge.
This is a suit for a declaratory judgment that a vacancy exists for the office of a third police juror from Ward 2, Avoyelles Parish, Louisiana. Petitioners are property owners, taxpayers and registered voters in the ward. Defendant is the Avoyelles Parish Police Jury. From an adverse judgment, defendant appeals.
An understanding of the issues requires a review of the statutory provisions for the election of police jurors before and after the 1968 changes in the law. Prior to 1968 the applicable statutes read as follows :
“LSA-RS 33:1221. Election of police j uries
At every general state election, there shall be elected as many police jurors for each ward of each parish in this state, by the qualified voters of said wards, as provided by law.
“LSA-RS 33:1223. Additional police jurors in parishes having less than 50,000 inhabitants
In each parish having a population of less than fifty thousand inhabitants, there shall be elected in the manner provided by law in addition to the police juror to which the ward is entitled, an additional police juror for each five thousand inhabitants which the ward contains; also, one additional police juror for each additional five thousand inhabitants or part thereof in excess of twenty-five hundred inhabitants. The police jurors shall be residents of the ward from which they are elected and shall be elected by the voters of the ward.”
By Act No. 445 of 1968, LSA-RS 33:1223, quoted above, was repealed, and LSA-RS 33 :1221 was amended to read as follows :
“Every parish governing authority in Louisiana organized under the police jury system of government shall by ordinance, establish the size of their bodies provided that no police jury shall have less than five members nor more than the number of members serving on the police jury or, presently authorized for that police jury on July 20, 1968. Police jurors shall be elected at the state general election and shall serve for terms of four years each. Amended by Acts 1968, No. 445, § 1, emerg. eff. July 20, 1968, at 2:00 P.M.
The facts stipulated by the parties show that, according to the United States Department of Commerce Census of 1960, Ward 2 has a population of 8,017. Therefore, under the provisions of LSA-RS 33:1223, quoted above, Ward 2 was entitled to 3 police jurors. However, the third police juror was never appointed by the governor nor elected by the people, and the Ward has never been represented by more than 2 jurors. Plaintiffs contend that since a third police juror for the Ward was authorized by the prior statute, a vacancy in the office has existed since the 1960 census. They pray for a declaratory judgment that the vacancy exists and that they are entitled to have the vacancy filled by appointment by the governor from a list of 3 names submitted by the parish governing authority, in accordance with the provisions of La.Const. Art. 7, Sec. 69. This contention has no merit.
It is true that under the facts stipulated Ward 2 was entitled to 3 police jurors under the provisions of the prior statutes, LSA-R.S. 33:1221 and 1223. However, LSA-R.S. 33:1223 was repealed by Act 445 of 1968. There is no longer any statutory provision establishing the number of police jurors per ward. LSA-RS 33:1221, as amended by Act 445 of 1968, delegates to each police jury the power to establish its *201 size, the only limitations being that there shall not be less than 5 members nor more the number serving, or authorized, as of July 20, 1968.
Under the 1968 amendment the question of whether Ward 2 shall have a third police juror is entirely within the discretion of the police jury. The only way a vacancy could exist for such an office is by showing that the police jury has adopted an ordinance authorizing the office and that it is now vacant. The record does not show that the police jury has by ordinance authorized a third juror for Ward 2.
The district judge recognized that under the provisions of the statutes in question no vacancy now exists, since there is no ordinance of the police jury creating the office. However, he reasoned that under the prior statutes the people of Ward 2 had acquired a “vested right” to a third police juror and that Act 445 of 1968 could not deprive them of this vested right. We are unable to agree with this conclusion.
The basis for the concept of “vested rights” is found in La.Const. Art. 4, Sec. 15 which reads as follows:
“No ex-post facto law, nor any law impairing the obligation of contracts, shall be passed; nor shall vested rights be divested, unless for purposes of public utility, and for just and adequate compensation previously paid.”
These constitutional provisions place certain limitations on the power of the legislature to adopt statutes. The first prohibited category is “ex-post facto laws”, which relates exclusively to criminal law, Olivedell Planing Company v. Town of Lake Providence, 217 La. 621, 47 So.2d 23. The second constitutional prohibition is against statutes “impairing the obligation of contracts.”, Obviously the present case does not involve either criminal law of contractual obligations. The third constitutional limitation is that “vested rights” shall not be divested except for purposes of public utility and then only on payment of just compensation. Generally, the “vested rights” protected by this provision are property rights. For instance, property cannot be expropriated except for a public purpose and then only on payment of adequate compensation. Also, the rights of a successful litigant under a final judgment become property rights which cannot be divested by subsequent legislation, City of Shreveport v. Dickason, 160 La. 563, 107 So. 427, Osborn Funeral Home, Inc. v. Louisiana State Board of Embalmers, 162 So.2d 695 (La.App.).
The right of the people of Ward 2 to a third police juror under the statutes in effect before 1968 is not a constitutionally protected “vested right”. It is not a property right nor any other species of right protected by the constitutional provisions set out above. Citizens have no vested right in any particular plan of parish government. For parishes are creatures of the legislature, subject to its regulation and control, as authorized by La.Const. Art. 14, Secs. 1-3.
State ex rel. Port Erie v. Walmsley, 183 La. 139, 162 So. 826 (1935) was a suit by taxpayers of the City of New Orleans and holders of public improvement bonds, issued for sewerage and water systems. They attacked the constitutionality of a state statute changing the members of the Sewerage and Water Board of the City of New Orleans. The theory of plaintiff’s case was that the bond holders had a vested right, or a contract right, in the previously existing composition of the board. The court held that the composition of the board was within the police power of the legislature and cannot be bartered away by contract. The court said:
“Neither the Legislature nor the people themselves can bargain away the power to regulate the public health and morals, or legislative discretion concerning such regulation, and the power is inalienable even by express grant. It is elementary and fundamental that the state’s police *202 power cannot be bartered away by contract; and that the clauses of the Constitutions, guaranteeing' due process of law and vested or contract rights against impairment, have always yielded to its proper exercise.” (citations omitted)
See also Young v. Department of Highways, 160 So.2d 391 (La.App. 1st Cir. 1964) where the court held that a state employee had no vested right under a prior statute regulating a retirement system, this being a matter within the police power of the state. Other cases recognizing this principle are Osborn Funeral Home, Inc. v. Louisiana State Board of Embalmers, 162 So.2d 596 (La.App.); Long v. Northeast Soil Conversation District of Louisiana, 226 La. 824, 77 So.2d 408 (1955); Board of Liquidation v. Board of Commissioners of Port of New Orleans, 296 U.S. 540, 56 S.Ct. 141, 80 L.Ed. 384; Treigle v. Acme Homestead Association, 297 U.S. 189, 56 S.Ct. 408, 80 L.Ed. 575.
In their brief filed in this court plaintiffs rely heavily on State ex rel. Sanchez v. Dixon, 4 So.2d 591 (La.App.1941). This was a suit contesting the governor’s right to make appointments of newly authorized police jurors under the prior statute which was the source of LSA-RS 33:1223. Clearly, this"case can have no effect. The issues were entirely different and the statute under which it was decided has been repealed.
For the reasons assigned, the judgment appealed is reversed and set aside. Judgment is now rendered in favor of the defendant, Avoyelles Parish Police Jury, and against the plaintiffs, Jean A. Quartemont and Charles F. Dupuy, rejecting the demands of the plaintiffs at their costs. All costs of this appeal are assessed against the plaintiffs.
Reversed and rendered.