BEER, Judge.
Plaintiff-appellant was dismissed from the New Orleans Police Department on November 21, 1969 for disciplinary reasons under Rule IX of the Civil Service Regulations for the City of New Orleans. He did not contest the dismissal but sued to collect 52 3/4 days of accrued annual leave denied him by application of Civil Service Regulations Rule VIII, Section 1.7(c) which provides:
“(c) Where an employee is removed under the provisions of Rule IX he shall *60 not be entitled to annual leave; provided, however, that the appointing authority, may in his discretion, allow the removed employee all of his accrued annual leave, or any portion thereof.”
From a judgment sustaining an exception to Bye’s mandamus proceeding, he appealed and, in that appeal, urged the unconstitutionality of Rule VIII, Section 1.-7(c). We remanded to allow plaintiff an opportunity to fully plead his case as to the unconstitutionality of this rule. On remand, defendant met plaintiff’s constitutional argument and, additionally, filed an exception of prescription alleging plaintiff’s failure to timely sue under Article 3534 of the Civil Code. From a judgment upholding the constitutionality of the provision and overruling defendant’s exception of prescription, plaintiff prosecuted this appeal and defendant answered the appeal seeking reversal of the trial court’s ruling on the exception of prescription.
Bye was dismissed from the New Orleans Police Department on November 26, 1969 but did not institute his suit for accrued vacation time until June 4, 1971.
An employment contract providing for a vacation with pay contains, in effect, a stipulation for additional wages. Sewell v. Sharp, 102 So.2d 259 (La.App. 2nd Cir. 1958). Bradford v. City of Shreveport, 305 So.3d 487 (La.1974) holds that police officers are considered within the scope of the provisions of LSA-C.C. Article 3534. Thus Bye’s action for his accrued annual leave is barred by his failure to timely prosecute his claim. The fact that this exception was not filed until trial on the remand cannot obviate this conclusion. While our remand order addressed itself to the issue of the constitutionality of the cited provision, we did not foreclose appellee’s right to plead prescription. Appellee was able to urge the exception in accordance with Article 928 of the Code of Civil Procedure which states:
“The preemptory exception may be pleaded at any stage of the proceeding in the trial court prior to submission of the case for a decision.”
Furthermore, Article 2163 of the Code of Civil Procedure allows a party to urge the plea of prescription for the first time on appeal.
Bye prosecuted this appeal seeking a reversal of the trial court’s finding of constitutionality of Rule VIII, Section 1.7(c) of the New Orleans Civil Service regulations. He urges that his annual leave is a vested right acquired prior to his dismissal which is “contractual in nature,” and contends that appellee cannot impair the terms of the contract by denying his annual leave pleading Article 4, Section 15 of the Constitution of 1921.
In Tennant v. Russell, 214 La. 1046, 39 So.2d 726 (1949) “vested rights” are defined as follows:
“A right is a vested right when the right to enjoyment, present or prospective, has become the property of some particular person as a present interest. The right must be absolute, complete and unconditional, independent of a contingency, and not a mere expectancy of future benefit or contingent interest in property.”
In Quartemont v. Avoyelles Parish Police Jury, 228 So.2d 199, (La.App. 3rd Cir. 1969), the court reviewed the meaning of Article 4, Section 15 regarding vested right. It stated:
“The third constitutional limitation is that ‘vested rights’ shall not be divested except for purposes of public utility and then only on payment of just compensation. Generally the ‘vested rights’ protected by this provision are property rights. For instance, property cannot be expropriated except for public purpose and then only on payment of adequate compensation. Also, the rights of a successful litigant under a final judgment *61 become property rights and cannot be divested by subsequent litigation

(Citations omitted.)
In Louisiana Gas Service Co. v. La. Pub. Serv. Comm., 245 La. 1029, 162 So.2d 555 (1964) the Supreme Court held:
“A state law divesting vested rights violates no constitutional provision where it does not impair the obligation of a contract; it is only when legislation acts upon contract, as distinct from vested rights, that the prohibition against impairment of the obligation is infringed.

In State ex rel Munsch v. Board of Comm. of Port of N. O., 198 La. 283, 3 So. 2d 622 (La.1941), plaintiff was dismissed from his clerical position formerly provided for under Civil Service by Act 15 of the extra session of 1915. That law was repealed and plaintiff was dismissed. He argued his dismissal was unconstitutional and that the action of the legislature in repealing Act 15 impaired a contract between himself and the defendant. The court rejected this position and declared:
“But it can hardly be deduced that the Act indicates that the employee was engaged by a contract within the meaning of the term as used in the Constitutions of the United States and of this State. A contract is a reciprocal obligation. Under a civil service law of this type, the employee is not bound to remain in the employ of the State agency. He may leave his employment at any time he sees fit. However, the employing agent may not discharge him without cause— because of the legislature’s declaration of a public policy which gives him ten-grants of tenure do not constitute con-ure for an indefinite period. But such tract and they may be abrogated or altered at the discretion of the Legislature by subsequent enactment.”
In Louisiana Insurance Guaranty Ass’n v. Guglielmo, 276 So.2d 720 (La.App., 1st Cir. 1973) our brothers in the First Circuit further explained the scope of Article 4, Section 15 stating:
“To fall within the constitutional prohibition against divestiture of vested rights, a law must create new obligations, impose new duties or attach new disability to a contract in existence when the law becomes effective.”
Plaintiff-appellant’s rights were not vested nor was there in existence a contract within the ambit of protection afforded by Article 4, Section 15. There has been no legislation altering the relationship of the parties. There is only the fact of his dismissal which he does not contest. In Bondio v. Binder, Inc., 24 So.2d 398 (La.App.Orl.1946), we dealt with an employee seeking vacation pay under a contract of his union with his employer. The case turned upon construction of the contractual provisions relative to plaintiff’s claim and did not deal with Article 4, Section 15 of the Louisiana Constitution. However, we considered the question of “vested right” and declared: “By the same token, we cannot permit recovery to an employee, who has been discharged for good cause — in that he has arbitrarily refused to respect the authority of his employer by laying off his job without permission, on the theory that he had a vested right to vacation pay.”
Bye also argues that under LSA-R.S. 33:2214, he cannot be denied relief. He relies upon that language which states: “Each employee . . . shall be entitled and given with full pay an annual vacation leave of fifteen days during each calendar year, which shall not be denied to any such employee for any reason whatsoever.” However, R.S. 33 :2217 provides : “Nothing contained in this Subpart shall appeal or supercede any civil service law.”
*62 We note that appellant cites no cases in support of the contention that he had a vested right to his annual leave. We find none in our research. We conclude that the Civil Service Regulations (cited previously) recognize no absolute right to annual leave — vested or otherwise. The regulations give the covered employees a basis for a claim for annual leave which may be granted or rejected by the appropriate authority at its discretion — provided such discretion is not abused.
For the reasons assigned, the judgment appeal from is reversed only insofar as it overrules the exception of prescription. That exception is now maintained. In all other respects the judgment is affirmed.

Reversed in part; affirmed in part.