382 So.2d 992 (1980)
Wade G. FAULK
v.
STATE of Louisiana et al.
No. 13070.
Court of Appeal of Louisiana, First Circuit.
January 21, 1980.
*993 Kenneth O. Privat, Crowley, for plaintiff-appellant Wade G. Faulk.
William T. Reeves, Baton Rouge, for defendant-appellee State of Louisiana, through School Employees Retirement System.
Before EDWARDS, LEAR and GREENE, JJ.
LEAR, Judge.
Plaintiff-appellant, Wade G. Faulk, filed this suit against the State of Louisiana, through the School Employees' Retirement System, seeking to have R.S. 42:701 (Act 672 of 1977) declared unconstitutional in that it prohibits his dual membership in two Louisiana public retirement systems.
The case was tried below on written stipulations. After considering the law and evidence, the trial court dismissed plaintiff's suit. We affirm.
Plaintiff became a contributing member of the Louisiana School Employees' Retirement System (school system) in 1962. In November, 1965, he also became a contributing member of the Sheriff's Pension and Relief Fund (sheriff's system). He contributed to both these systems until February, 1978. Since March, 1978, he has only been a contributing member of one retirement system, the sheriff's system.
R.S. 17:896 required that plaintiff join the school retirement system as a condition of employment. R.S. 17:893 prohibits a person who is a member of the school retirement system from participation in any other system supported by public funds. In 1965, however, plaintiff became a deputy sheriff and a contributing member of the sheriff's system.
In 1977, the Louisiana Legislature passed Act 672 (R.S. 42:701), which is the subject of this litigation. This statute simply required those who had dual membership in public retirement systems to choose one or the other and ordered that the system dropped refund all contributions at five (5%) percent simple interest.
Appellant's main contention is that R.S. 42:701 divests a contractual right or interest and that it discriminates against him as a member of two retirement systems.
As the lower court held in adopting in its entirety the memorandum of defendant, appellant had not become eligible for retirement from the school system as of January 1, 1978, the effective date of the challenged statute. Retirement of right is fixed as of the time eligibility is obtained. See Bowen v. Board of Trustees of the Police Pension Fund, 76 So.2d 430 (La.App.Orl.Cir.1954) therein citing with approval Talbott v. Independent School District, 230 Iowa 949, 299 N.W. 556. In Young v. Department of Highways, 160 So.2d 391 (La.App. 1st Cir. 1964), this court followed Bowen and held, in effect, that regarding retirement systems, there is no vested right until eligibility is obtained. See also Patterson v. City of Baton Rouge, 309 So.2d 306 (La. 1975).
In conclusion, the presumption of constitutionality with which all statutes are clothed has not been overcome by appellant's proof and authorities. As we stated in Branton v. Parker, 233 So.2d 278 (La.App. 1st Cir. 1970):
Discussion of the constitutionality of any legislation must perforce consider the general principle that constitutionality of legislation is presumed until the contrary be shown. Interstate Oil Pipe Line Co. v. Guilbeau, 217 La. 160, 46 So.2d 113. He who alleges unconstitutionality of an act bears the burden of proof. Conway v. Lane Cotton Mills Co., 178 La. 626, 152 So. 312. The validity of acts is to be upheld if at all possible; all doubt is to be resolved in favor of legality and unconstitutionality will be decreed only when no other reasonable alternative presents itself. Buras v. Orleans Parish Democratic Executive Committee, 248 La. 203, 177 So.2d 576.
Appellant's allegation that the statute is unconstitutional in that it violates Article *994 10, Section 29(B) of the Louisiana Constitution of 1974 is also without merit. A reading of that article clearly shows that the persons affected are those jointly employed by a state and a federal agency, not, as here, two agencies under state jurisdiction.
The judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.