BOWES, Judge.
This is the second appeal of a case which originally began as an action to cancel certain leases from defendant to plaintiff. In the first appeal, Merchants Trust and Savings Bank v. Franzone, La.App., 388 So.2d 851, the Fourth Circuit reversed the trial court, finding defendant Franzone did not prove the fairness of his transactions. As past president and major stockholder of plaintiff bank, Franzone had the burden of proof because of his fiduciary relationship with the plaintiff. The appellate court rendered judgment avoiding the leases by Franzone to the bank and against Franzone for all rent paid by the bank to defendant since 1972.
“The matter is remanded to the trial court solely for the purpose of determining the amount to be paid by Franzone to the plaintiff in the event the parties cannot agree thereon.” Merchants, supra.
Upon remand, defendant urged the peremptory exceptions of prescription, no cause and no right of action. Plaintiff pleaded that the matter was res judicata. The trial court dismissed defendant’s exceptions. A hearing was held in regard to rents paid by the bank to Franzone in accordance with the Fourth Circuit directive. The trial court awarded plaintiff $69,232.54 representing all rental payments made by the bank to Vincent Franzone, with interest, pursuant to the subject 1972 lease, through June 11, 1981, and a per diem rate of $14.08 to be added from June 12, 1981 until paid (the per diem rate represents legal interest). From this the defendant appeals, claiming as his specifications of error:
1. The trial court erred in ruling that the plea of prescription was barred as res judicata.
2. The trial court erred in failing to consider evidence on the trial of the damage issue proffered by Franzone to reduce the amount owed to the bank as rent.
In order to address these issues, we find we must reiterate some facts and findings from the original appeal. Defendant Fran-zone was a controlling shareholder and, later, president of plaintiff bank. In 1950, the bank leased a building on Airline Highway with a 39-year lease; in 1964, the bank subleased the entire area to Franzone for the rents due under its lease, except for the vault, the attic and two rear rooms. Then, *846 in 1972, Franzone then subleased the area in the rear for an amount equal to the lease rent Franzone was paying.
The Fourth Circuit’s decision required the trial court to compute the rent paid by and found due to the plaintiff, in the event that the parties could not agree. The parties did not agree, and the matter was heard before the trial court. At the hearing, the defendant attempted to introduce evidence or testimony relative to rents the bank received from other tenants in the building, as well as evidence of improvements made by Fran-zone, all for which defendant claimed credit against any monies due by him. Testimony from Franzone and certain other bank employees was proffered after the trial court sustained plaintiff’s objection that such testimony was irrelevant in light of the Fourth Circuit decision.
Defendant raises the issue of prescription, claiming that the Court of Appeal nullified the defendant’s 1972 lease, that a complaint was not filed until 1978, and that actions for nullity prescribe in five years (C.C. art. 3542). The exception of prescription is a peremptory one. (C.C.P. art. 927). The peremptory prescription may be pleaded at any stage of the proceeding in the trial court prior to a submission of the case for a decision. (C.C.P. art. 928). When an exception of prescription is filed after the case is submitted for a decision, the appellate court cannot consider it. (C.C.P. art. 2163); Payne v. Trichel, 397 So.2d 16 (La.App. 3rd Cir.1981). The defendant cites Bye v. Giarusso, 321 So.2d 58 (La.App. 4th Cir.1975) to stand for the proposition that prescription can be raised after a case is remanded for trial. Bye is not dispositive of the issues in this case, inasmuch as the Bye case was remanded for trial, to permit the plaintiff to present evidence as to the constitutionality of the statute in question. The present case was remanded after the case was tried. The remand was for computation of the exact amount of the judgment owed, not for trial or reconsideration of issues presented on appeal. The appeal court decision on the merits of this case is final and res judicata as a conclusive determination between the parties regarding the issues decided therein. The comments of counsel for plaintiff, on page 9 and 10 of the transcript, indicate that the issue of prescription was argued in both the Fourth Circuit and the Supreme Court, which denied writs after the decision of the Fourth Circuit was handed down, and that neither bench was persuaded; nor are we.
Accordingly, we affirm the trial court’s dismissal of defendant’s exception of prescription.
The Fourth Circuit rendered judgment against Franzone “for all rent paid by the bank to Franzone since 1972.” Thus, it would appear that the appellate court intended to limit plaintiff’s recovery to rent paid, and does not include any damages over and above the sum of rent. The obvious unfairness of Franzone’s actions and, as the Fourth Circuit put it, his “betrayal” of his fiduciary relationship to the bank, lends support to our appreciation of that judgment. Nor does the judgment seem to permit Franzone to raise the issue of set-off. There is no mention of any credits to which the defendant may be entitled, although it appears that some evidence on the subject was had at the first trial. In its opinion, the Fourth Circuit stated: “His records treated all his rental properties as one, and he could not show what maintenance costs he spent or what rentals he received on what property.” We are of the opinion that during the first trial was the time to present all evidence regarding set-offs or credits of any kind which may have been claimed by Franzone.
Also, during the first trial, there was evidently testimony as to rent paid by other people to the bank during the period in question, which the defendant did not receive (Trans, p. 17, statement of defense counsel). We do not have the benefit of the record before the remand to the trial court. The transcript on the first appeal is unavailable to us. From the above references, however, we gather that the evidence which defense counsel seeks to admit at this time was considered in the original trial and appeal. The appellate court was aware of *847 whatever records Mr. Franzone had and chose to introduce into evidence in the first trial; they were, as well, aware that other tenants paid rent to the bank, which Mr. Franzone did not receive. From the very narrow wording of the opinion, we must conclude that the Court found no merit in defendant’s contention. We feel certain that the Court considered all relevant evidence when reaching its conclusion, and that had it intended its opinion to credit defendant for maintenance costs or rents, or to allow further evidence of these or any other credits to be introduced at the trial after remand, it would have so stated.
The Appellate Court simply did not have before it sufficient information to reach a monetary figure, and so the case was remanded for computation only of the amount to be paid to the bank. To allow Franzone now to present additional evidence on any credits claimed by him would permit him to have “two bites at the apple”, would be obviously inequitable and a violation of proper trial and evidentiary procedure. The Court expressly rejected defendant’s argument referring to his maintenance costs, and, we believe, by implication, also rejected Franzone’s argument regarding other credits or rents paid.
Hence, we find that the trial judge properly refused to consider evidence sought to be introduced by Franzone as reductions against any amount owed by him to the bank.
For the above and foregoing reasons, the judgment appealed from is affirmed.
AFFIRMED.