KLIEBERT, Judge.
This litigation commenced when the Merchants Trust and Savings Bank (hereafter the Bank) brought suit to avoid two leases between itself and Vincent Franzone, its one time officer and controlling shareholder.[1] On a finding that the 1978 lease did not in fact lease space which the Bank was not already entitled to occupy and, therefore, constituted betrayal of the officer’s fiduciary duty to the Bank, the Fourth Circuit in Merchants Trust and Savings Bank v. Vincent Franzone, 388 So.2d 851 (La.App. 4th Cir.1980), writs denied, 395 So.2d 333 (La.1980), reversed the trial judge and rendered judgment for the bank avoiding the leases by Franzone to the Bank — and east Franzone in judgment for all rents paid by the Bank to Franzone since 1972. The matter was remanded to the trial court “solely for the purpose of determining the amount to be paid by Franzone to the plaintiff [Bank] in the event the parties could not agree thereon.”
After the case was remanded to the trial court, Franzone filed a plea of prescription and an oral exception of no cause and/or right of action. The Bank responded with a plea of Res Judicata. During the hearing to set the amount owed by Franzone to the Bank, the trial judge refused to consider evidence proffered by Franzone to show maintenance and improvement costs expended by Franzone and other items which would reduce the amount due by Franzone to the Bank. The trial judge dismissed the exceptions filed by Franzone and main-tamed the plea of Res Judicata filed by the Bank as to any reduction and set the amount due by Franzone to the Bank at $69,232.54. Franzone appealed to this Court on the following specifications of error:
1. The trial court erred in ruling that the plea of prescription was barred as res judicata.
2. The trial court erred in failing to consider evidence on the trial of the damage issue proffered by Franzone to reduce the amount owed to the bank as rent.
On appeal to this Court, in Merchants Trust and Savings Bank v. Franzone, 425 So.2d 844 (La.App. 5th Cir.1982),[2] in answer to Franzone’s contentions of set-off, this court said that nothing in the opinion of the Fourth Circuit permitted Franzone to raise the issue of set-off, for although there was some evidence submitted at the first trial as to the maintenance costs and rental payments there is no mention of any credits to which the defendant [Franzone] may be entitled. Therefore, we concluded that during the first trial was the time to present all evidence regarding set-offs or credits of any kind which may have been claimed by Franzone. Additionally, in reaching the conclusion to affirm the trial judge as to the Fourth Circuit’s ruling, we said:
“The Appellate Court simply did not have before it sufficient information to reach a monetary figure, and so the case was remanded for computation only of the amount to be paid to the bank. To allow Franzone now to present additional evidence on any credits claimed by him would permit him to have ‘two bites of the apple’, would be obviously inequitable and a violation of proper trial and eviden-tiary procedure. The Court expressly re *602 jected defendant’s argument referring to his maintenance costs, and, we believe, by implication, also rejected Franzone’s argument regarding other credits or rents paid.
Hence, we find that the trial judge properly refused to consider evidence sought to be introduced by Franzone as reductions against any amount owed by him to the bank.”
While the above remanded case was pending in the trial court, Franzone filed this suit against the Bank seeking to recover maintenance expenses allegedly expended and rents allegedly paid by him to the Bank under the 1964 lease as an “unjust enrichment” of the Bank. The Bank filed an exception of Res Judicata to this petition. Franzone filed this devolutive appeal claiming in his specification of error that the trial judge erred in maintaining the exception of Res Judicata.
Under our civil law, Res Judicata is “the authority which the law attributes to the thing adjudged”, La.C.C. Article 2285(3) and takes place only with respect to what was the object of the judgment. This takes place where (1) the thing demanded in the new suit is the same as that demanded in the original one, (2) the new suit is founded on the same cause of action as the original one, and (3) the suits are between the same parties and formed by them against each other in the same quality. La. C.C. Article 2286. As stated by the Supreme Court in Sewell v. Argonaut Southwest Ins. Co., 362 So.2d 758 (La.1978), at page 760, Civilian Res Judicata is based on the concept that:
“Matters actually litigated and finally adjudged are presumed correct and, thus, should not be contradicted in a subsequent suit (citations omitted). It is evident from a decree which expressly grants or rejects a thing demanded that the matter has been adjudged.”
Here, the matters which are sought to be litigated, i.e., rent reimbursement and maintenance expenses, were actually litigated and finally adjudged in the original suit. Since finally adjudged, they are presumed correct and cannot be relitigated here.
Accordingly, the judgment of the trial court is affirmed. Costs are to be borne by the plaintiff-appellant.
AFFIRMED.

. The Bank in 1950 obtained from the landowner a 39 year lease on a lot and building at the corner of the Airline Highway and Williams Boulevard in Kenner. In 1964, subject to subleases, the Bank subleased a part of the building to Franzone reserving unto itself the storage vault, two rear rooms, the attic and the parking space for the same rent the Bank paid for the whole building and lot. In 1972, Fran-zone subleased to the Bank the “rear portion” (all of the building excluding the portion thereof now occupied by the convenience store for the same rent). Additionally, in 1978 two contracts, termed “leases” gave Franzone rent free, the whole building, except the vault and certain reserved areas to the Bank.

. The time for filing an application for writs to the Supreme Court have not as yet expired.