Dear Judge Harrison:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. The request has been assigned to me for research and reply.
The factual circumstances surrounding your request indicate that for over eleven years you were employed by the Ouachita Parish District Attorney's Office as an assistant district attorney. In January of 1982, you were elected judge in the Fourth Judicial District. You transferred out of the District Attorneys' Retirement System on December 31, 1981, and have since that time remained a member of the Louisiana State Employees' Retirement System (LASERS). Now you desire to retire from the bench pursuant to the provisions of LSA-R.S. 11:558.
The issue for our review is stated as follows:
 What is the applicable law governing the computation of retirement benefits for a former member of the District Attorney's Retirement System who has transferred his service credit into the Louisiana State Employees' Retirement System (LASERS).
There is no dispute over the computation of benefits relating to your years of service as a judge. You relate the dispute arises over the computation of benefits for your years of service as an assistant district attorney.
The basic rule established by Louisiana jurisprudence is that the right to a public retirement benefit is fixed as of the time the employee attains eligibility for retirement. Prior to the achievement of retirement eligibility, the right of the employee is inchoate and the details of a contributory retirement system, such as rate of contribution, benefits, length of service and age requirements, may be modified by the legislature to the prejudice of the employee. See La. State Troopers v. La. State Police, Etc., 417 So.2d 440 (La.App. 1st Cir. 1982); Faulk v. State, 382 So.2d 992 (La.App. 1st Cir. 1980); Patterson v. City of Baton Rouge, 309 So.2d 306 (La. 1975); Bowen v. Board of Trustees of Police Pension Fund, 76 So.2d 430 (La.App. Orl. 1954).
The foregoing jurisprudence stands for the proposition that the law to be applied in determining the calculation of retirement benefits is that law in existence at the time retirement eligibility is vested in the individual. Accordingly, statutory provisions applicable in this matter include LSA-R.S. 11:143(A) which provides, in pertinent part:
 ". . . a member of any public retirement or pension system, fund, or plan maintained primarily for officers and employees of the state of Louisiana or of any political subdivision thereof, or of any district, board, commission or other agency of either, or of any other such public entity who has been a member of such system, fund, or plan shall have the option of transferring all of his credit from every such system, fund, or plan to his current such system, fund or plan."
LSA-R.S. 11:143(D)(4) further provides:
 "In the event that a person completes a transfer under the provisions of this Section, the retirement percentage factor of the transferring system shall be used to calculate his retirement benefit based on the number of years transferred". LSA-R.S. 11:143(D)(4).
The law governing the transferring system in this particular situation is the law of the District Attorneys' Retirement System. The specific statute is contained in LSA-R.S. 11:1633
and provides, in pertinent part:
 ". . . For members who retire after August 1, 1975, the annual amount of the retirement allowance shall consist of:
 (2) An employer's annuity which together with the member's annuity provided above, shall be equal to three percent of his average final compensation for each year of membership service.
 (3) A prior service annuity equal to three percent of his average final compensation for each year of prior service for which the member is allowed credit."
We refer you to the office of LASERS for the actual computation of benefits in your particular situation, in accordance with the statutes presently in effect.
We hope this interpretation of the law is helpful to you. Should you have further inquiries, please contact our office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0108E