Dear Mr. Stockstill:
You requested an Attorney General's opinion regarding the Firefighters Retirement System ("System") and the granting of cost of living adjustments by the System. Your question involves the enactment of R.S. 11:242(E), which was formerly designated as R.S. 42:711.1(E). You indicate that provision of law created a test which must be applied when determining whether a retirement system can grant a cost-of-living adjustment ("COLA"). R.S.11:242(E) provides:
 E. Notwithstanding any other provision of law to the contrary, commencing at the end of the retirement system's 1985-1986 fiscal year, unless thereafter specifically provided for by the legislature, any public retirement or pension system, fund, or plan covered by this Section shall not provide a cost-of-living increase during any fiscal year until the lapse of at least one-half of the fiscal year, and unless the actuary for the system and the legislative auditor certify that the funded ratio of the system, fund, or plan as of the end of the previous fiscal year equals or exceeds the target ratio as of that date for that system, fund, or plan. If the legislative auditor disagrees with the determination of the system's actuary, the matter shall be determined by majority vote of the Louisiana Public Retirement Systems' Actuarial Committee. For purposes of this Subsection, the funded ratio and target ratio are as defined below:
 (1) The "funded ratio" as of any fiscal year end shall be the ratio of the actuarial value of assets to the actuarial accrued liability under the funding method prescribed by the office of the legislative auditor. The actuarial value of assets and actuarial accrued liability for a system shall be those amounts reported to the office of the legislative auditor in the Annual Report for Public Retirement Systems.
 (2) The "target ratio" as of any fiscal year end shall be the lesser of (a) or (b) below: *Page 2 
 (a) One hundred percent.
 (b) The sum of (i), (ii), (iii), and (iv) below:
 (i) The funded ratio as of the 1986 fiscal year end.
 (ii) The number of fiscal years elapsed since the 1986 fiscal year end multiplied by one-thirtieth of the difference between one-hundred percent and the funded ratio of the system as of the 1986 fiscal year end.
 (iii) The amount of each change in funded ratio due to mergers or changes in actuarial methods or assumptions occurring after the fiscal 1986 year end.
 (iv) For each change in funded ratio due to mergers or changes in actuarial methods or assumptions occurring after the 1986 fiscal year end, an amount of opposite arithmetic sign from such change in funded ratio equal in absolute value to the number of fiscal years since the change in funded ratio multiplied by one-thirtieth of the original change in funded ratio due to the merger or change in actuarial methods or assumptions.
R.S. 11:242 was originally enacted as R.S. 42:711.1 in Act No. 774 of 1982, but it did not include the language regarding the target funded ration. Then, Act No. 674 of 1983 amended R.S. 42:711.1, but the statute still did not include any language regarding the target funded ratio. Act No. 256 of 1986 further amended R.S. 42:711.1 by adding subsection (E) thereto. Act No. 256 became effective on June 28, 1986.
You have asked the following question regarding Act No 256:
 1. Do vested employees and retirees acquire a constitutionally protected property right to the contract as it exists at the time of their vestiture or retirement?
 2. Are the provisions of Act No. 256 applied prospectively only, effective June 28, 1986?
 3. Are the provisions of Act No. 256 applicable to persons who had already achieved retirement eligibility or retired on or before June 27, 1986?
 4. Are the retirement systems covered by R.S. 11:242
authorized to grant a COLA to any person who had already achieved retirement eligibility or retired prior to June 28, 1986, without regard to the provisions of Act No. 256? *Page 3 
To answer your questions, we first note that our courts have consistently held that, in regard to retirement systems, there is no vested right until retirement eligibility is obtained.
 It is well settled in Louisiana that a public employee's right to retirement benefits does not become vested until eligibility for retirement is obtained. Prior to the achievement of retirement eligibility, the right of the employee is inchoate and the details of a contributory retirement system, such as rate of contribution, benefits, length of service and age requirements, may be modified by the legislature to the prejudice of the employee. Patterson v. City of Baton Rouge, 309 So.2d 306
(La. 1975).
See also Louisiana State Troopers Association, Inc. v.Louisiana State Police Retirement Bd., 417 So.2d 440 (La.App. 1 Cir., 1982); Faulk v. State, 382 So.2d 992 (La.App. 1st Cir. 1980); State, ex rel. Murray v. Board of Trustees of PolicePension Fund for City of New Orleans, 259 So.2d 613 (La.App. 4th Cir. 1972); Adolph v. Sewerage Water Board Pension Committee,202 So.2d 664 (La.App. 4th Cir. 1967); Young v. Department ofHighways, 160 So.2d 391 (La.App. 1st Cir. 1964); Bowen v. Boardof Trustees of Police Pension Fund, 76 So.2d 430 (La.App.Orl. 1954).
As you indicated, membership in any retirement system of a political subdivision is a contractual relationship pursuant to La. Const. Art. X, Sec. 29(B), which provides:
 (B) Other Officials and Employees. The legislature shall enact laws providing for retirement of officials and employees of the state, its agencies, and its political subdivisions, including persons employed jointly by state and federal agencies other than those in military service, through the establishment of one or more retirement systems. Membership in any retirement system of the state or of a political subdivision thereof shall be a contractual relationship between employee and employer, and the state shall guarantee benefits payable to a member of a state retirement system or retiree or to his lawful beneficiary upon his death.
Our office has opined that a retroactive change in retirement system policy may not affect the entitlement to vested retirement benefits. In Atty. Gen. Op. No. 90-239, we stated that these benefits may not be reduced, citing Art. X, Sec. 29. We further stated that neither the retirees in question, nor those who were entitled to immediate retirement "may suffer any diminution or adverse effect to their entitlement to retirement benefits as a result of the change of policy".
Whether Act 256 is applied retroactively or prospectively is of no consequence. We do note however, that the provisions of R.S.11:242(E), per the statute itself, "commence at the end of the retirement system's 1985-1986 fiscal year". The provisions of Act No. 256 are not applicable to a particular group of "persons", but are applicable to the *Page 4 
retirement systems themselves. Act 256 provided that, commencing at the end of the 1985-1986 fiscal year, there are limitations on the authority of retirement systems to grant COLAs.
As to whether retirement systems covered by R.S. 11:242 are authorized to grant a COLA to any person who had already achieved retirement eligibility or retired prior to June 28, 1986, without regard to the provisions of Act No. 256, we note that the System, through its board of trustees, is authorized to issue COLAs pursuant to La. R.S. 11:2260(A)(7) (formerly R.S. 33:2158):
 A. Board of trustees:
 * * * * *
 (7) The board of trustees is authorized to use interest earnings on investments of the system in excess of normal requirements, as determined by the actuary, to provide annual supplemental monthly cost-of-living adjustments. The supplemental monthly cost-of-living adjustments shall be computed on the current retirement or survivor's benefit. The annual supplemental monthly cost-of-living adjustment shall not be more than three percent in any year. Such benefits shall be paid only when funds are available from this source and payments shall be made in such manner and in such amounts as may be determined by the board of trustees, based on the funds available.
The authority of the board of trustees to issue COLAs is limited by R.S. 11:242, which provides:
 A. The provisions of this Section do not repeal provisions relative to cost-of-living adjustments contained within the individual laws governing the systems, funds, and plans set forth in Subsection B of this Section. However, the provisions of this Section are to be controlling in cases of conflicts with the individual laws.
 B. The power of the respective governing authorities to amend the respective retirement systems to provide cost-of-living adjustments for each of the following public retirement systems:
 (1) The State Police Pension and Retirement System.
 (2) The Louisiana School Employees' Retirement System.
 (3) The Assessors' Retirement Fund. *Page 5 
 (4) The Clerks' of Court Retirement and Relief Fund.
 (5) The District Attorneys' Retirement System.
 (6) The Municipal Employees' Retirement System of Louisiana.
 (7) The Parochial Employees' Retirement System of Louisiana.
 (8) The Registrar of Voters Employees' Retirement System.
 (9) The Sheriff's Pension and Relief Fund.
 (10) The Municipal Police Employees' Retirement System.
 (11) The Firefighters' Retirement System.
 shall only be effective in calendar years during which the legislature fails to enact legislation granting cost-of-living adjustments, unless in the legislation granting a cost-of-living adjustment, the legislature specifically authorized the aforementioned systems to amend the respective retirement systems to provide an additional cost-of-living adjustment to retirees or survivors of retired public employees of particular systems, funds, and plans set forth in this Subsection.
 C. The governing authorities of the systems, funds, and plans set forth in Subsection B of this Section shall not amend the respective retirement systems to provide a cost-of-living adjustment to any retiree, beneficiary, or survivor during any calendar year prior to the final adjournment of the regular session of the legislature and shall not do so during the same year within which the legislature has granted a cost-of-living adjustment, unless in the legislation granting a cost-of-living adjustment, the legislature specifically authorizes the governing bodies of the aforementioned systems to amend the respective retirement systems to provide an additional cost-of-living adjustment to a particular system, plan, or fund. The restrictions contained in this Subsection shall be inapplicable with respect to any system, fund, or plan relative to which the legislature has failed to grant a cost-of-living adjustment.
 D. Disability retirees and surviving children or surviving spouses shall not be subject to the restrictions set forth in this Section. *Page 6 
 E. Notwithstanding any other provision of law to the contrary, commencing at the end of the retirement system's 1985-1986 fiscal year, unless thereafter specifically provided for by the legislature, any public retirement or pension system, fund, or plan covered by this Section shall not provide a cost-of-living increase during any fiscal year until the lapse of at least one-half of the fiscal year, and unless the actuary for the system and the legislative auditor certify that the funded ratio of the system, fund, or plan as of the end of the previous fiscal year equals or exceeds the target ratio as of that date for that system, fund, or plan. If the legislative auditor disagrees with the determination of the system's actuary, the matter shall be determined by majority vote of the Louisiana Public Retirement Systems' Actuarial Committee. For purposes of this Subsection, the funded ratio and target ratio are as defined below:
 (1) The "funded ratio" as of any fiscal year end shall be the ratio of the actuarial value of assets to the actuarial accrued liability under the funding method prescribed by the office of the legislative auditor. The actuarial value of assets and actuarial accrued liability for a system shall be those amounts reported to the office of the legislative auditor in the Annual Report for Public Retirement Systems.
 (2) The "target ratio" as of any fiscal year end shall be the lesser of (a) or (b) below:
 (a) One hundred percent.
 (b) The sum of (i), (ii), (iii), and (iv) below:
 (i) The funded ratio as of the 1986 fiscal year end.
 (ii) The number of fiscal years elapsed since the 1986 fiscal year end multiplied by one-thirtieth of the difference between one-hundred percent and the funded ratio of the system as of the 1986 fiscal year end.
 (iii) The amount of each change in funded ratio due to mergers or changes in actuarial methods or assumptions occurring after the fiscal 1986 year end.
 (iv) For each change in funded ratio due to mergers or changes in actuarial methods or assumptions occurring after the 1986 fiscal year end, an amount of opposite arithmetic sign from such change in funded ratio equal in absolute value to the number of fiscal years since the change in funded ratio multiplied by one-thirtieth of the original change in funded ratio due to the merger or change in actuarial methods or assumptions. *Page 7 
First, we note that, pursuant to R.S. 11:2260, the grant of a COLA by the System is a completely discretionary decision. Under R.S. 11:2260, the System has the authority to grant a COLA provided there are interest earnings in excess of normal requirements, as determined by the System's actuary, but is not required to grant a COLA. The authority of the System to exercise its discretion and grant a COLA is limited by R.S. 11:242. Pursuant to R.S. 11:242, the System does not have the authority to grant a COLA unless the actuary for the system and the legislative auditor certify that the funded ratio of the system, fund, or plan as of the end of the previous fiscal year equals or exceeds the target ratio as of that date for that system, fund, or plan. Even if the funded ratio equals or exceeds the target ratio, the System is not required to grant a COLA.
The restrictions placed on the System under R.S. 11:242 do not alter the retirement contract of members of the system that retired prior to June 28, 1986. While retired members may
receive COLAs, they have no right, contractually or otherwise, to receive them. The requirements of R.S. 11:242 do not change or reduce the benefits to which retired members of the System are entitled, and there are no new conditions or restrictions placed on those retired members. Therefore, it is our opinion that R.S.11:242(E) is constitutional and the System is governed by the restrictions contained in the statute.
Based upon the foregoing, it is the opinion of our office that the Firefighters Retirement System does not have the authority to grant a cost-of-living adjustment to any persons, including those who had already achieved retirement eligibility or retired prior to June 28, 1986, unless the actuary for the system and the legislative auditor certify that the funded ratio of the system, fund, or plan as of the end of the previous fiscal year equals or exceeds the target ratio as of that date for that system, fund, or plan as provided for under La. R.S. 11:242.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: _______________________ KENNETH L. ROCHE, III Assistant Attorney General
CCF, JR/KLR, III/jv