370 So.2d 221 (1979)
Harold Joseph BELLON et al., Plaintiffs-Appellees,
v.
Dr. Robert "Bobby" DESHOTEL et al., Defendants-Appellants.
No. 7000.
Court of Appeal of Louisiana, Third Circuit.
April 11, 1979.
*222 Clanton & Johnson by John W. Johnson, Eunice, J. William Pucheu, Ville Platte and A. Bruce Rozas, Mamou, for defendants-appellants.
Donald Soileau, Mamou, for plaintiff-appellee.
Tommy D. Teague, Baton Rouge, for plaintiff-intervenor-appellee.
Before WATSON, CUTRER and SWIFT, JJ.
WATSON, Judge.
The first issue presented by this suit is the validity under the United States Constitution of LSA-R.S. 42:31.1, specifically § B(2), which prohibits dual officeholding in the following language:
"No person shall at the same time hold more than one elective office in the government of the state of Louisiana, in the government of a political subdivision of the state, or in a combination of these."
If the statute is constitutional, the second issue is its correct application.
LSA-R.S. 42:31.1, § C(2) provides:
"If the court declares that the person is holding offices in violation of this Section, the court shall declare the office whose term first will expire to be vacated and shall enjoin the person from further carrying out the duties of that office."
The legislation was enacted pursuant to the mandate of Art. 10, § 22, of the La. Const. of 1974, which states:
"The legislature shall enact laws defining and regulating dual employment and defining, regulating, and prohibiting dual officeholding in state and local government."
Plaintiffs, Harold Joseph Bellon and Russell Bertrand, asked for a declaratory judgment decreeing defendant, Dr. Robert "Bobby" Deshotel, to be in violation of the statute because of serving as a school board member of the Evangeline Parish School Board and at the same time as Mayor of the Town of Basile. Plaintiffs also prayed that the office of school board member of District 2, Ward 2, Evangeline Parish School Board, be declared vacant. The Attorney General of the State of Louisiana intervened as a party interested in upholding the constitutionality of the statute. Also intervening on behalf of Dr. Deshotel were three registered voters, Clement Courville, Conrad Marcantel and Wilfert LaFleur, who asked that the statute be declared unconstitutional, because it deprived them of the services of the candidate elected to the two offices.
The trial court concluded that the statute is constitutional; that defendant Deshotel violated it by holding the offices of school board member and mayor; and that the position on the school board was vacated when Deshotel took his last oath of office as mayor. Defendant Deshotel was ordered to return all compensation received after July, 1978, to the Evangeline Parish School Board and enjoined from performing any duties as a member of that board. The office of school board member for District 2, Ward 2, of Evangeline Parish was declared vacant.
The Evangeline Parish School Board was also named as a defendant but only Dr. Deshotel has appealed. He contends that the statute unconstitutionally deprives him of the fundamental right to hold public office. In the alternative, he contends that the office of mayor, rather than school board member, should be declared vacant under the terms of LSA-R.S. 42:31.1, § C(2), supra.
The facts are undisputed. Both the Town of Basile and the Evangeline Parish School Board are political subdivisions of the State of Louisiana. The effective date of the statute was August 17, 1977. Dr. Deshotel was appointed as a member of the Evangeline Parish School Board effective April 30, 1970. He was thereafter elected and took the oath again on January 1, 1971.
*223 He was elected Mayor of the Town of Basile and took office July 1, 1974. He was subsequently reelected to a six year term on the Evangeline Parish School Board, taking his oath on January 17, 1977. He ran for mayor without opposition and took the oath of office on July 1, 1978. Dr. Deshotel now holds both offices. His term as mayor expires July 1, 1982, and the term on the school board expires on January 17, 1983. The term of office as mayor will first expire. However, the trial court concluded that Dr. Deshotel vacated his office on the school board when he took his last oath as mayor and therefore declared the school board office vacant.
It was stipulated that both plaintiffs are residents and taxpayers of the Town of Basile and District 2, Ward 2, of the Evangeline Parish School Board. It was further stipulated that the town had 1,283 registered voters in 1974, and 1,166 in 1978, while the school board district had 2,151 voters in 1971, and 1,601 in 1977.
Dr. Deshotel testified that he was aware, when he commenced his current term as Mayor of Basile, that the dual officeholding statute had been enacted. He said that there was no conflict in the duties of the two offices. If forced to choose, he would select the office on the school board, which he considered more important. Dr. Deshotel is a physician in Basile and the only one within an area of approximately thirteen miles. Dr. Deshotel said that the mayor's job only requires two or three hours a month and the school board three to five hours a month.
The right to hold public office is not a fundamental right guaranteed by the Constitution of the United States. Bullock v. Carter, 405 U.S. 134, 92 S.Ct. 849, 31 L.Ed.2d 92 (1972); Morial v. Judiciary Com'n of State of La., 565 F.2d 295 (5th Cir., 1977). State action which denies the right to state political office is permissible unless it is based on an invidious discriminatory classification. Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944). A state may give the right to hold state office to some and deny it to others if the distinction is based on a rational state interest. Turner v. Fouche, 396 U.S. 346, 90 S.Ct. 532, 24 L.Ed.2d 567 (1970). There is a presumption of statutory validity and such a statutory classification will be upheld unless it is completely without justification. McDonald v. Board of Election Com'rs of Chicago, 394 U.S. 802, 89 S.Ct. 1404, 22 L.Ed.2d 739 (1969).
A West Virginia statute prohibiting dual officeholding was held to be constitutional in Wilson v. Moore, 346 F.Supp. 635 (1972). Wilson followed Snowden v. Hughes, supra, in holding that an elective post in state government does not constitute property or liberty protected by the due process clause of the Fourteenth Amendment. The court in Wilson judged the statute under the "rational basis" test and concluded that it did not deny equal protection. Compare Antonio v. Kirkpatrick, 453 F.Supp. 1161 (Mo. 1978). Cummings v. Godin, 377 A.2d 1071 (R.I.1977) involved a prohibition against public employees running for elective office, a different situation from that here.
The State of Louisiana has a legitimate interest in preventing one person from holding multiple public offices. Even if the duties do not conflict, the consolidation of governmental functions in a single person could adversely affect freedom of expression by others. A pyramid of power, even one resulting from the elective process, should be avoided. It is apparent that the statute in question has a rational basis and does not deny equal protection of the law. As the dissent in Cummings, supra, correctly points out, a prohibition against dual officeholding does not infringe on the right to freedom of speech protected by the first amendment. LSA-R.S. 42:31.1, § B(2) does not interfere with Dr. Deshotel's constitutional rights.
Therefore, LSA-R.S. 42:31.1 is a valid statute, not violative of the United States Constitution.
However, the trial court erred in its application of the statute. It is the office of mayor, not that of school board member, which expires first. Under the language of *224 LSA-R.S. 42:31.1, § C(2), supra, the office of mayor should have been declared vacant.
For the foregoing reasons, the judgment of the trial court herein is affirmed insofar as it declared LSA-R.S. 42:31.1 to be a valid and constitutional enactment. The judgment of the trial court holding that Dr. Robert "Bobby" Deshotel is in violation of LSA-R.S. 42:31.1 by simultaneously holding the elective offices of school board member and Mayor of the Town of Basile is also affirmed. The judgment of the trial court declaring the office of school board member for District 2, Ward 2 of the Evangeline Parish School Board vacant and ordering return of all compensation received by Dr. Deshotel after July, 1978, to the Evangeline Parish School Board is reversed. Insofar as defendant was enjoined from performing his duties as school board member for District 2, Ward 2 of the Evangeline Parish School Board, the judgment of the trial court is also reversed.
It is ordered, adjudged and decreed that the office of Mayor of the Town of Basile is hereby declared to be vacant and defendant, Dr. Robert "Bobby" Deshotel, is hereby enjoined from performing any official acts or duties as Mayor of the Town of Basile.
It is further ordered that all allowances or other compensation received by Dr. Deshotel as Mayor of Basile after July 1, 1978, to date, be returned.
All costs of appeal are assessed equally against plaintiffs and defendant.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.