JASPER E. JONES, Judge.
Appellant, Webster Parish School Board, appeals a judgment rendered in this declaratory judgment action initiated by it requiring appellant “to pay those teachers of exceptional children who are currently receiving ten per cent supplemental pay, the supplemental pay they are now receiving.” Appellant made defendants in this declaratory judgment action the Attorney General of the State of Louisiana and forty-four teachers of exceptional children employed by appellant who were receiving the ten per cent supplemental pay. We affirm.
Act 275 of the 1960 Legislature required teachers of exceptional children to be paid an amount equal to their base pay, plus ten per cent of the base pay, and was to be found in LSA-R.S. 17:427:
“Teachers of exceptional children who are employed in the public schools of this *914 state and who are certified under the latest requirements as set forth by the state department of education or the state board of education as teachers of exceptional children shall be paid an amount equal to their base pay plus ten per cent of this base pay.”
The provisions of LSA-R.S. 17:427 were amended by Act 607 of the 1977 Legislature to provide that school boards may pay teachers of exceptional children ten per cent above their base pay, but that they were not required to do so. The amendment further provided that no teacher of exceptional children who was receiving the ten per cent additional compensation could sustain a reduction in salary by virtue of the elimination of the mandatory requirement that teachers of exceptional children receive the additional ten per cent. The statute as amended by the 1977 Act reads as follows:
“Teachers of exceptional children who are employed in the public schools of this state and who are certified under the latest requirements as set forth by the State Board of Elementary and Secondary Education as teachers of exceptional children may be paid an amount equal to their base pay plus ten per cent of this base pay provided, however, that no teacher presently receiving base pay plus ten per cent will receive a reduction in pay.”
Appellant had paid its teachers of exceptional children the ten per cent supplemental pay required by Act 275 of 1960. The 1977 Act required that teachers previously receiving the supplemental pay continue to receive it and under these circumstances appellant is required by the 1977 Act to continue to pay its teachers of exceptional children the ten per cent supplemental pay, even though the 1977 Act eliminated the mandatory requirement that teachers of exceptional children receive the ten per cent supplement as was required by Act 275 of 1960. Appellant is not required to pay teachers of exceptional children hired in the future the extra ten per cent pay but it is authorized to do so by the 1977 Act.
There is a stipulation in the record which establishes that the school boards in some parishes in the state did not pay teachers of exceptional children the ten per cent supplemental pay required by Act 275 of 1960. The parishes of Bossier, Bienville, Caddo, Claiborne and Sabine are among the parishes that did not pay the supplement.
• Appellant initiated this action seeking a declaratory judgment that it was not required to continue to pay the extra ten per cent salary to the teachers of exceptional children who were receiving the pay supplement at the time of the passage of the 1977 Act. Appellant contends that the provisions in the 1977 Act which required it to pay ten per cent supplemental pay to its teachers of exceptional children who had theretofore received it is unconstitutional because it violates the following provision of the 1974 Louisiana Constitution:
“Art. 3, § 12(A)(8):
A. PROHIBITIONS. Except as otherwise provided in this constitution, the legislature shall not pass a local or special law:

(8). Regulating the management of parish or city public schools, the building or repairing of parish or city schoolhouses, and the raising of money for such purposes.”
Appellant contends that the 1977 Act is unconstitutional as applied to Webster Parish. The thrust of appellant’s argument is set forth in its brief as follows:
“The Webster Parish School Board complied with the provisions of Act 275 of the Louisiana Legislature. Its teachers of exceptional children were paid the ten per cent supplement as mandated by their legislation. Many school boards, including but not limited to Bossier Parish, Bienville Parish, Caddo Parish and Sabine Parish, chose not to follow the law. Subsequently, Act 607 of the 1977 Louisiana Legislature made the determination of the payment of supplemental compensation to teachers of exceptional children a discretionary matter with local school *915 boards. However, this same act provided that no teacher who was receiving the supplemental pay could receive a reduction in pay. Those parishes which chose to flagrantly disregard the 1960 legislation were not only placed in a position of being excused from the operation of the 1960 legislation, but they were also not subject to the provision allowing no reduction in pay for their teachers of exceptional children, because they had never complied with the legal obligations imposed upon them by the 1960 legislation.”
Appellant contends that because the law requires it to continue to pay the supplement to pre-1977 teachers of exceptional children and does not require all other school boards to pay pre-1977 teachers of exceptional children the supplement that the statute becomes special as applied to it and violates the cited constitutional provision.
In the decision of State v. LaBauve, 359 So.2d 181 (La.1978), the supreme court set forth the jurisprudential definition of “local or special law” which is prohibited by the Constitution as follows:
“The jurisprudence interpreting Article 3, Section 12 of the 1974 Constitution (as well as Article 4, Section 4 of the Louisiana Constitution of 1921, the corresponding provision in the old constitution), indicates that a statute is local or special if its restrictions can operate upon or affect only a portion of the citizens or a fraction of the property embraced within the classification created, while a general law is one which operates equally and uniformly upon all persons brought within the relations and circumstances for which it provides or operates equally upon all of a designated class, founded upon a reasonable and proper classification.” Id. at 182 [emphasis added].
A statute is presumed to be constitutional and the litigant who contends the statute is unconstitutional has the burden of showing it. Ward v. Leche, 189 La. 113, 179 So. 52 (1938); Francis v. Louisiana State Livestock Sanitary Bd., 184 So.2d 247 (La.App. 1st Cir. 1966); City of Lake Charles v. Southern Pacific Transp. Co., 310 So.2d 116 (La.App.3d Cir. 1975).
Appellant does not contend that “teachers of exceptional children”, which was the class established by the 1960 Act to receive ten per cent extra pay, constitutes an unreasonable and improper classification, nor does appellant contend there was any provision within the Act which authorized an unequal application of the salary scale to any one within the class.
Appellant does not contend that teachers of exceptional children “presently receiving base pay plus ten per cent”, which was the class established by the 1977 Act which could receive no reduction in pay, is an unreasonable or improper classification, nor does appellant contend there is any provision within the Act which authorizes an unequal application of the salary scale to anyone within the class. Appellant argues that the 1960 Act was administered in an unequal manner and because of this the 1977 Act will necessarily apply in an unequal and special manner and for that reason the 1977 Act is unconstitutional.
A statute does not become special and unconstitutional because part of those charged with the application of it violate their duty and only apply it to part of the class to which it is applicable. Contentions that the manner in which an act was applied resulted in same being unconstitutional were made and rejected in the decision of Ward v. Leche, supra, and there the court stated 189 La. 113, 179 So. at p. 54:
“The sole basis for this action is the unconstitutionality of the act vel non. The question of the constitutionality of an act of the Legislature presents a question of law only, State v. Capdeville et al., 104 La. 561, 29 So. 215, and, consequently, any evidence as to the manner of enforcing the law has no bearing on its constitutionality.” [emphasis added].
The same contention was made and rejected in Kotch v. Board of River Port Pilot Com’rs., 209 La. 737, 25 So.2d 527 (1946), there the court stated 25 So.2d at p. 533:
*916 “Generally speaking, the constitutionality of a statute must be determined not by what is done, but what it authorizes to be done under its provisions.”
The 1977 statute created an entirely different class from that created by the 1960 statute, the new class being “teachers of exceptional children receiving base plus ten per cent as their salary”, whereas the old class was all teachers of exceptional children. The 1977 Act is presumed to be constitutional. Appellant, upon whom the burden rests, has failed to show the classification created was not a reasonable and proper classification. All appellant has shown is that there are some pre-1977 teachers of exceptional children who will not fall into the class because their employers refused to comply with the 1960 Act. This does not establish that the new class is not “founded upon a reasonable and proper classification.”
We find the class created in the 1977 Act to be a proper and reasonable classification. It is not dissimilar to the classifications found proper in the cases of Kotch v. River Port Pilot Com’rs., supra, (here a class of Mississippi River Pilots was created); and Teachers’ Retirement System of Louisiana v. Vial, 317 So.2d 179 (La.1975), (here a class of Louisiana Public School Teachers was exempted from Louisiana forced heir-ship laws), wherein statutes creating similar classifications were contended to be unconstitutional as special laws.
Appellant’s attack on the constitutionality of LSA-R.S. 17:427 is without merit.
AFFIRMED.