LOTTINGER, Judge.
This is a suit for declaratory relief filed by several judges of courts of record[1] against the State of Louisiana and The *1180 Board of Trustees of the Louisiana State Employees’ Retirement System. From a judgment in favor of plaintiffs, the defendants have perfected this suspensive appeal.
This case involves the Retirement Plan for Judges and Officers of the Court, La. R.S. 13:11 et seq., and the transfer of credit for military service from the retirement system of the City of New Orleans to the Louisiana State Employees’ Retirement System. All of the plaintiffs-appellees are judges who are members of the Retirement Plan for Judges and Officers of the Court, La.R.S. 13:11 et seq.
During the 1976 regular session, the Louisiana Legislature enacted Act 518, La.R.S. 13:11 et seq., creating a contributory or funded retirement system for judges and court officers. Prior to the enactment of La.R.S. 13:11 et seq. the only retirement system for judges in Louisiana was found in the Louisiana Constitution of 1921, Article 7, Section 8.
Judges in office on the effective date of La.R.S. 13:11 et seq. were given the option of continuing in the then existing non-contributory, constitutionally provided retirement plan or becoming members of the new contributory or funded retirement system. To exercise this option a judge had to address a letter to the Board of Trustees of the Louisiana State Employees’ Retirement System within 120 days of the effective date of the act. La.R.S. 13:12 and 14.[2] Act 518 was effective on October 1, 1976. Each of the plaintiffs exercised his option timely.[3]
Judges in office on the effective date of Act 518 were given “credit in the system for service rendered as a judge of any court in this state . .. prior to becoming a member .. . . ” This creditable service was without contribution. It was free. La.R.S. 13:21.
Additionally, creditable service in any other state, municipal, parochial, or other statewide or local retirement system was transferable upon the certification of total service credit and the transfer of the employee and employer contributions. To be effective, the transfer had to be accomplished within 90 days after the date on which the individual addressed his letter to *1181 the board advising of the exercise of his option. La.R.S. 13:17.[4]
Each of the plaintiffs, as an employee or official, past or present, of the City of New Orleans was or had been a member of the Retirement System of the City of New Orleans with creditable service therein. This creditable service was certified and the employee and employer contributions were transferred on January 24, 1977. The transfer of this service is not an issue in this case.
On February 17, 1977, the Council of the City of New Orleans adopted Ordinance No. 6264, Mayor-Council Series.[5] This ordinance became effective on February 25, 1977. Acting under the authority of this ordinance each of the plaintiffs proceeded to purchase his military service time according to the formula provided therein. On various dates[6] the Retirement System of the City of New Orleans certified the military service credit and transferred to the Louisiana State Employees’ Retirement System the funds paid by the plaintiffs. The Board of Trustees of the Louisiana State Employees’ Retirement System refused to accept the transfer of military service *1182 credit. Hence, this suit for declaratory relief. The trial court reversed the Board’s decision.
ASSIGNMENT OF ERRORS
In appealing the appellants argue that the trial judge erred in holding that:
(1) the action by the New Orleans City Council did not impose an unauthorized financial burden on the Louisiana State Employees’ Retirement System and in holding that Article X, Section 29(B) of the Louisiana Constitution of 1974 did not apply to this case;
(2) all of the plaintiffs-appellees completed the necessary steps under the law and city ordinance to effect a valid transfer of the requested military service credit within the proper time period;
(3) the plaintiffs-appellees and the City of New Orleans complied with the requirements of LSA-R.S. 13:11 et seq. and therefore acted as authorized by law;
(4) the action of the New Orleans City Council was not in contravention of Article III, Section 1(A) of the Louisiana Constitution of 1974; and
(5) the credit for military service under the New Orleans City Ordinance should have been transferred from the city to the state system and also in assuming that both employer and employee contributions were to be paid to the state system as required by LSA-R.S. 13:17.
ERROR NO. 2
Appellants argue that La.R.S. 13:17 grants 90 days from the date of notification of the exercise of the option within which to transfer any creditable service. However, they claim, in the case of Charles R. Ward the attempt to transfer military service credit was made 100 days after he became a member of the state system. This assertion is borne out by the record. La.R.S. 13:17 is clear as to the time allowed to make the transfer, and appellee Ward failed to comply with this provision. Thus, the retirement system board properly refused to accept the transfer.
Additionally, appellants argue that appel-lee Eddie L. Sapir failed to comply with the express provisions of the city ordinance. The ordinance applies to “any former member ... who became a member of the Louisiana State Employees’ Retirement System pursuant to Act 518 of 1976 prior to January 1, 1977 .... ” Judge Sapir became a member of the state system on January 3, 1977. Appellee contends, however, that by attempting the transfer of military service credit for Judge Sapir, the city waived the provision of the ordinance which Judge Sa-pir did not meet. Even if this argument had merit, because of the reasons hereinafter assigned, it is of no great moment.
ERROR NOS. 1, 3, 4 AND 5
In general, appellants argue that under La.R.S. 13:17, judges who elect to become members of the state system can transfer any creditable service which they may have in any other public retirement system at the time of the election to become members. Under La.R.S. 13:14, judges who were in office on the effective date of Act 518 — as were the plaintiffs-appellees — were given 120 days from the effective date of Act 518 to elect to join the state system. Appellants contend that only creditable service owned at the time of the election can be transferred. They argue further that the 90-day provision in La.R.S. 13:17 is merely the time limit allowed to effectuate the transfer.
Stripped to its bare bones, La.R.S. 13:17 simply says that “any person ... who elects ... shall ... have the right to transfer ... his total accredited years of service.” In the framework of the entirety of Act 518, the term “elects” is synonymous with “exercise of option,” as found in La. R.S. 13:14. When a judge exercises his option, he has elected to become a member of the judicial retirement system. At the moment of the exercise of the option or election, he becomes a member and has the right to transfer his total accredited years of service. The term “accredited” means publicly sanctioned or recognized or official *1183 ly vouched for or guaranteed. Webster’s Third New International Dictionary. Total accredited years of service are years which are owned by the judge in the transferor system and which that system recognizes and for which it is willing to vouch. La. R.S. 13:17 does not speak in terms of years to be credited, but rather in terms of years that are credited. La.R.S. 13:17 also speaks in terms of “leaves or has left” — a judge can transfer the creditable years in the system he “leaves or has left.” It thus seems clear that what the legislature intended, in granting this encouragement to judges or those elected judges to join the contributory system, was that those years of service already owned by the judge could be transferred when he elected to become a member of the retirement system.
Appellees argue that La.R.S. 13:17 gives a judge who makes the election 90 days from the date of election within which to purchase accredited service and to make the transfer. They contend that this 90-day period is one within which a judge can acquire accredited years of service in the transferor system as well as transfer those years of accredited service. We are of the opinion that this is a misreading of the statute. As previously explained, judges have 120 days from either the effective date of the act or from the date of their election to the bench to make their election to join the state system. This fairly lengthy, 120-day period is provided in part to give the judge time to make up his mind whether he wants to become a member of the contributory system, but more importantly to allow judges the time needed to purchase prior governmental service which they are entitled to purchase under the system from which they are transferring. Once the judge makes this election he immediately becomes a member of the state system and is no longer a member of the transferor system. He no longer has a right to purchase service from the transfer- or system to be transferred to the state system. The 90-day time period referred to in La.R.S. 13:17 simply affords sufficient time within which the transferor retirement system and the state system can complete the paper work to effectuate the transfer. Under this interpretation of the retirement statutes, the Board properly refused to accept the military service credit sought to be transferred by the plaintiffs herein because plaintiffs did not own this credit at the time they made their election.[7]
Appellants further argue that the approval of military service credit under the New Orleans ordinance will impose a financial burden on the state system neither contemplated nor authorized by La.R.S. 13:11 et seq. This is so, they assert, because under the New Orleans ordinance the employer portion of the retirement contribution does not have to be paid to the state system. We find merit in the state system’s contention that the transfer is ineffective because no employer contributions are provided for. The New Orleans ordinance explicitly states “that neither the City of New Orleans nor the Retirement System of the City of New Orleans shall make any monetary contribution in connection with the transfer.” Though the ordinance speaks of the employee paying “the employers contribution, if any,” in addition to the prohibition, there is no formula in the New Orleans ordinance providing for payment of the employer’s share, although the ordinance could have easily provided such a formula to allow the employee to pay the employer’s share. This court cannot speculate on what the employer’s share should be in such a case.
Even if the provisions of La.R.S. 13:14 and La.R.S. 13:17 were interpreted to allow an employee to transfer creditable service which he could have bought at the time he makes his election, such an interpretation would provide no comfort to the plaintiffs. The ordinance allowing the purchase of military service credit was not passed until after all of the plaintiffs made their elections in this case.
*1184 Although our decision is predicated primarily upon the fact that only creditable service owned by the employee at the time of the election can be transferred, we feel there are some broader considerations which should shape the contours of the type of accredited service which is allowed to be transferred into the state system. In establishing a contributory retirement system for judges and court officers, the legislature expressly stated in the preamble to Act 518 an intent to form “a sound retirement system.” Other language in the preamble alluding to the expensiveness of the prior retirement system suggests that the legislature intended to establish a financially sound retirement system.
The clear intent of the legislature was to allow the transfer of accredited service from a transferor system only when the transferor system itself allowed its employees generally to buy such accredited service in the transferor system. This requirement is evidenced by the provision of La.R.S. 13:17 that requires the contributions of both employees and employers to be transferred. This provision indicates that the legislature contemplated transfer of service which had been purchased by the contributions of both employees and employers. The legislature did not contemplate the transfer of free time, or of time in which both the employee and employer did not contribute.
By allowing the transfer of service only when the service could have been acquired in the transferor system itself, the legislature at least guaranteed that the transferor system could not transfer service credit unless the transferor system itself was willing to take such credit into its own system. Like the state retirement system, other retirement systems are interested in maintaining the financial integrity and actuarial soundness of their systems. The financial integrity and actuarial soundness of any system would be impaired if creditable service were allowed for little or no contribution. If the state system were required to accept creditable service such as that sought to be transferred by the New Orleans ordinance in this case, the state system could be overburdened by creditable service for which little or no money has been contributed, and by creditable service which a local or municipal retirement system itself would be unwilling to allow to its employees generally. Such a result would thwart the intent of the legislature to provide a sound financial retirement system. The legislature certainly did not intend to allow local and municipal retirement systems to provide special service options for select individuals when the local or municipal system itself would never be responsible for the time purchased by the select individuals. For creditable service to be transferable, the service should be able to be purchased by all employees generally in the system seeking to transfer the service.
Therefore, for the above and foregoing reasons, the decision of the trial court is reversed. The appellees will pay the costs of this appeal.
REVERSED.

. The plaintiffs are the Honorables Dominic Grieshaber, Lambert Hassinger, Walter Marcus, Eddie L. Sapir, Louis P. Trent, and Charles R. Ward.

. La.R.S. 13:12 provides:
“A. Any judge or court officer enumerated in R.S. 13:13 who is in office on the effective date of this Part and who does not avail himself of the provisions of this Part by timely exercising the option hereinafter provided, and their surviving spouses, shall retain the right to receive those benefits provided for judges and their surviving spouses in accordance with the constitution and the statutes of this state or by local laws pertaining to the respective political subdivisions of the state heretofore provided.
“B. No judge or court officer described in R.S. 13:13 who takes office after the effective date of this Part who does not avail himself of the provisions hereof by timely exercising the op'tion hereinafter provided, shall be eligible thereafter to receive any retirement or pension benefits from the state of Louisiana pursuant to or provided by the authority of Section 16 of Article XIV of the Louisiana Constitution of 1974.”
La.R.S. 13:14 provides:
“A. Each judge and court officer described in R.S. 13:13 who is in office on the effective date of this Part is hereby granted the option to become a member of the Louisiana State Employees’ Retirement System for a period of one hundred twenty days from said date by electing to avail himself within said time of all the benefits, emoluments, and conditions of said system as presently provided by R.S. 42:541 through R.S. 42:699, and of all benefits, emoluments, and conditions otherwise applicable to said system by the statutory laws of Louisiana, including the provisions of this Part.
“B. For a period of one hundred twenty days after taking the oath of office, each of such judges and court officers who assume such offices after the effective date of this Part shall have the same option as herein provided for those in office on said date. Credit for service rendered prior to the exercise of said option shall be governed by the provisions of R.S. 13:21A.
“C. The option granted herein shall be exercised by addressing a letter to the board of trustees of the Louisiana State Employees Retirement System advising said board that the judge or court officer exercising the option accepts membership in the system in accordance with the provisions of this Part.”

. Dominic Grieshaber on December 8, 1976; Lambert Hassinger on December 27, 1976; Walter Marcus on December 15, 1976; Eddie Sapir on January 3, 1977; Louis P. Trent on December 8, 1976; and Charles R. Ward on December 13, 1976.

. La.R.S. 13:17 provides:
“Notwithstanding any other provision of law to the contrary, any person covered by this Part who elects to become a member of the Louisiana State Employees’ Retirement System, shall, for a period of ninety days after the date on which he addresses a letter to the board advising it of such election, have the right to transfer to the Louisiana State Employees’ Retirement System his total accredited years of service from any other state, municipal, parochial, or other statewide or local retirement system which he leaves or has left. Transfer shall be effective upon the certification of total service credit by the retirement system transferring the member to the Louisiana State Employees’ Retirement System. The retirement system transferring the member also shall transfer the employee and employers contributions to the account of the transferee in full to the Louisiana State Employees’ Retirement System.

. “AN ORDINANCE to amend Chapter 55 of Ordinance No. 828 M.C.S., known as the Code of the City of New Orleans, by adding thereto a new section to be designated as Section 55-30.2 relative to the purchase of credit for prior military service by certain former members of the Retirement System of the City of New Orleans for transfer to the Louisiana State Employees’ Retirement System; to repeal all conflicting ordinances; and otherwise to provide with respect thereto.
SECTION 1. THE COUNCIL OF THE CITY OF NEW ORLEANS HEREBY ORDAINS that Section 55-30.2 of Chapter 55 of Ordinance No. 828 M.C.S., known as the Code of the City of New Orleans, be and the same is hereby ordained to read as follows:
‘SECTION 55-30.2 Purchase of Credit for Pri- or Military Service for Transfer.
Any former member of the Retirement System of the City of New Orleans who has had at least Two (2) years of creditable service in the System who became a member of the Louisiana State Employees’ Retirement System pursuant to Act 518 of 1976 prior to January 1, 1977 shall be entitled to purchase creditable service from this System for transfer to the Louisiana State Employees’ Retirement System, to a maximum of four (4) years, for the time served on continuous active duty in the Armed Forces, at least one (1) year each tour of duty, regardless of when served, provided that neither the City of New Orleans nor the Retirement System of the City of New Orleans shall make any monetary contribution in connection with the transfer. In order to obtain such credit for transfer, the former member must furnish proof of military service, including dates performed, to the satisfaction of the Board, and must pay into the System, in a lump sum at the time of request for purchase of credit, (4%) in excess of his or her first $100.00 monthly average for each month claimed based on the base pay received at the time of entrance into covered employment plus interest payments of (4%) annually compounded from the date of entrance to the date of purchase of credit for prior military service for transfer together with the employers contribution, if any, in a lump sum at the time of the request for purchase of credit.
SECTION 2. If any provision of this Ordinance or the application thereof to any person or circumstance is is held invalid, the invalidity does not affect other provisions or applications of the Ordinance which can be given effect without the invalid provision or application, and to this end the provisions of this Ordinance are severable.
SECTION 3. All ordinances or parts of ordinances in conflict herewith are hereby repealed.” (Emphasis supplied).

.The date on which each of the plaintiffs’ military service credit was transferred to the Louisiana State Employees Retirement System is as follows: Dominic Grieshaber on March 7, 1977; Lambert Hassinger on March 17, 1977; Walter Marcus on March 7, 1977; Eddie L. Sapir on March 30, 1977; Louis P. Trent on March 7, 1977; and Charles R. Ward on March 22, 1977.

. As members of the State Employees’ Retirement System appellees are entitled to purchase military service time. See La.R.S. 42:565.