417 So.2d 440 (1982)
LOUISIANA STATE TROOPERS ASSOCIATION, INC., et al.
v.
LOUISIANA STATE POLICE RETIREMENT BOARD.
No. 14953.
Court of Appeal of Louisiana, First Circuit.
June 29, 1982.
*441 Bryan E. Bush, Jr., Baton Rouge, for plaintiff-appellant Louisiana State Troopers Ass'n, Inc., et al.
William C. Toadvin, Staff Atty., Baton Rouge, for defendant-appellee Louisiana State Police Retirement Bd.
Before LEAR, CARTER and LANIER, JJ.
LANIER, Judge.
This is a suit for a declaratory judgment to declare unconstitutional portions of La. R.S. 40:1427 pertaining to the acquisition of service credits in the Louisiana State Police Retirement System, (hereinafter called System). The trial court rendered judgment declaring the contested portions of the statute constitutional. This devolutive appeal followed.
I. CONSTITUTIONALITY OF La.R.S. 40:1427
A. CLAIMS OF JONES, McLAIN AND SMITH, La.R.S. 40:1427(B)(3)[1]
In August of 1977, Sergeant J. W. Smith, Sergeant Barney D. McLain, and Senior *442 Trooper Herman L. Jones purchased service credits not exceeding three years each in the System for prior service in City Police or Sheriff's Departments in Louisiana. They were each required to purchase the service credit at a contribution rate of seventeen percent (17%). These troopers argue that La.R.S. 40:1427(B)(3) "is in violation of the equal protection clause of the United States Constitution and Article 1, Section 2 of the Louisiana Constitution, in that the plaintiff's (sic) rights to purchase prior service credits in any law enforcement agency are limited to those earned within the last three (3) years, unlike before, and are calculated with an inflated contribution rate of SEVENTEEN (17%) PERCENT."
It was stipulated by the parties that there has never been authority in the law to allow State Troopers to purchase more than three (3) years of service in any city or municipal police department or any sheriff's department in Louisiana. It was further stipulated by the parties that "employees purchasing prior service credits for other state service have a rate of pay back of FIVE (5) PERCENT, and are not limited as to the number of years of credit they may purchase."
Prior to the effective date of Act 229 of 1970, no member of the System was allowed to purchase prior time served in a city or municipal police department or a sheriff's department in Louisiana. Since September 10, 1978, no member of the System has been allowed to purchase this type of service credit. Act 751 of 1977. During the period from the effective date of Act 229 of 1970 until September 9, 1978, members of the System were allowed to purchase up to three (3) years of prior time served in a city or municipal police department or a sheriff's department in Louisiana upon payment of an employee's share of five percent (5%) of the then current salary. From 1977 to September 9, 1978, these credits could be purchased with a payment of seven percent (7%) as the employee's share and not less than seven and one-half percent (7½%) nor more than ten percent (10%) of current salary as the employer's share, provided that during 1977 and 1978 the applicant must have been a State Police employee on December 31, 1976.
B. CLAIM OF FINALET, La.R.S. 40:1427(B)(1)[2]
Marta O. Finalet was employed with the Department of Public Safety as a noncommissioned officer from June 5, 1968, through June 30, 1974, when she terminated her employment. As a noncommissioned officer, she was not eligible for membership in the System. La.R.S. 40:1424. She was reemployed by the Department of Public *443 Safety in December of 1974 as a commissioned law enforcement officer of the Division of State Police, and became eligible for membership in the System.
Prior to 1973, members of the System who had twelve (12) years of service as a State Police Officer could purchase prior service credit in any agency or department of the State upon the payment of five percent (5%) of the salary earned. Act 32 of 1951 Extraordinary Session; Act 385 of 1952; and Act 129 of 1960. Since the effective date of Act 137 of 1973, amending La.R.S. 40:1427(B)(1), there has been no authority in the law to allow State Police Officers to purchase any service in any department or agency of the State.
When Finalet was rehired in December of 1974, she was not allowed to purchase service credits for the prior noncommissioned officer service that she had with the Department of Public Safety. Finalet argues that this legislation constitutes a violation of equal protection, that it is an arbitrary and capricious legislative change of guidelines that affects a vested property right, and that she was induced to return to work with the State Police by promises of the availability of prior service credit purchases and, therefore, to deny her those purchases would be unconstitutional.
C. APPLICABLE LAW
It is well settled in Louisiana that a public employee's right to retirement benefits does not become vested until eligibility for retirement is obtained. Prior to the achievement of retirement eligibility, the right of the employee is inchoate and the details of a contributory retirement system, such as rate of contribution, benefits, length of service and age requirements, may be modified by the legislature to the prejudice of the employee. Patterson v. City of Baton Rouge, 309 So.2d 306 (La. 1975); Faulk v. State, 382 So.2d 992 (La. App. 1st Cir. 1980); State, ex rel. Murray v. Board of Trustees of Police Pension Fund for City of New Orleans, 259 So.2d 613 (La.App. 4th Cir. 1972); Adolph v. Sewerage & Water Board Pension Committee, 202 So.2d 664 (La.App. 4th Cir. 1967); Young v. Department of Highways, 160 So.2d 391 (La.App. 1st Cir. 1964); Bowen v. Board of Trustees of Police Pension Fund, 76 So.2d 430 (La.App.Orl.1954). The rationale for this rule is found in the Bowen case at page 435 of the Southern Reporter as follows:
"But underlying all retirement systems of the class we are now discussing is the legislative object, as well as that of the member employee, that a substantial reserve be built up so that the actuarial soundness of the plan cannot be questioned. This factor is an important one in the relation between state, city, and county, as employer, and the employee member, with respect to retirement pay. If a direct attack on it, such as has been made in the present case, is justified, or a weakness in it manifested through actual trial is found to exist, the remedy or relief rests clearly within the relation between employer and employee contemplated by the legislative system for retirement pay. The Legislature may from time to time, within the confines of that established relation, alter, change, amend, and render intact the actuarial soundness of the system so as to strengthen its fibers in any way it sees fit. Changes in details, such as length of service required, contributions needed, and age requirements, to keep the fund on sound actuarial practices, are essential. Flexibility in component parts is a paramount necessity to guard against changed conditions and to permit keeping abreast with actuarial science."
Thus, it has been held that the legislature can validly enact laws to change the inchoate retirement rights of employees to (1) increase the required length of service from sixteen years to twenty years (Bowen), (2) offset disability benefit payments under a retirement system by the amount of workmen's compensation benefits received for the same disability (Patterson),) (3) require an employee who has membership in two public retirement systems to choose one and require that the system dropped refund all contributions at the rate of 5% simple interest (Faulk), and (4) change an alternate *444 retirement program of age 70 or 15 years service to a mandatory retirement at age 65 (Young).
Appellants argue that the cases of Sims v. Sims, 358 So.2d 919 (La.1978), T. L. James & Co., Inc. v. Montgomery, 332 So.2d 834 (La.1975); and Thrash v. Thrash, 387 So.2d 21 (La.App. 3rd Cir. 1980) stand for the proposition that the right to retirement benefits becomes vested prior to the achievement of eligibility. This analysis is not accurate. Those cases hold that upon dissolution of the community of acquets and gains existing between spouses, each of the spouses has an interest in the right (inchoate or vested) of the spouse who is the member of a retirement system proportioned on the amount of the community contributions made to the retirement system during the existence of the community. These cases do not overrule or modify the rule of law established by Bowen and its progeny that rights in retirement systems do not become vested until eligibility is achieved.
D. CONCLUSION
It is well settled in the law that Acts of the legislature are presumed to be constitutional and the burden is on those who would challenge them to show that they are not. Burmaster v. Gravity Drainage District No. 2 of Parish of St. Charles, 366 So.2d 1381 (La.1978); Webster Parish School Board v. Guste, 391 So.2d 913 (La. App. 2nd Cir. 1980); State In Interest of Alexander, 384 So.2d 1003 (La.App. 4th Cir. 1980); Faulk v. State, supra; Bellon v. Deshotel, 370 So.2d 221 (La.App. 3rd Cir. 1979). The legislature may legitimately make changes and modifications in the details of retirement systems to the prejudice of employees prior to the time that they have achieved eligibility for the purpose of improving the actuarial integrity of the system. We believe that the Acts of the legislature in the instant case withdrawing entitlement to purchase service credits for prior employment and increasing the percentage of payment required to purchase credits are legitimate acts for improving the actuarial integrity of the System and are not unconstitutional. Trent v. State, 400 So.2d 1178 (La.App. 1st Cir. 1981). These Acts are indiscriminately applicable to all persons in the given classification and have a reasonable relation to a legitimate State interest. Accordingly, we declare that La.R.S. 40:1427(B)(1) and (3), and the amendments thereto, are constitutional and valid.
II. CLAIM FOR VACATION AND WEEKEND MILITARY RESERVE AND NATIONAL GUARD DUTY
Since December 8, 1980, the System has allowed the purchase of service credit for time served on active duty in the National Guard and the Reserves. La.R.S. 40:1427(B)(2). The System does not allow the purchase as service credit time the two week "summer" active duty and the weekend active duty in the Reserves or National Guard. Appellants admit that attendance during the summer is on special military leave and that the retirement system members continue to earn service credits in the retirement system as if regularly employed. They argue, however, that this analogy does not apply to special military duty on weekends.
In his reasons for judgment, the trial judge observed as follows:
* * * * * *
"Attendance during the summer and on weekends is on special military leave, and the members continue to earn service credit in the retirement system as if regularly employed. To recognize this time as military time for current members would be to allow such members to reap a double credit. The Court therefore holds that times served on summer and weekend active duty in the Louisiana National Guard and the Reserves does not have to be included in the computation of service credit."

* * * * * *
We believe that the trial judge's ruling is correct.
*445 III. ESTOPPEL
Appellants argue that because the State authorized the purchase of prior service credits from other agencies, they were induced to join the System and/or to remain in the System, and that the State should be estopped from subsequently withdrawing these entitlements after a System member has acted to his detriment on this inducement. All of the matters here at issue are controlled by positive written law. It is well settled that equitable considerations and estoppel cannot be permitted to prevail when in conflict with positive written law. La.C.C. art. 21; Packard Florida Motors Co. v. Malone, 208 La. 1058, 24 So.2d 75 (La.1945); Chambers v. Parochial Employees' Retirement System of Louisiana, 398 So.2d 102 (La.App. 3rd Cir. 1981), writ denied, (La.1981); Frazer v. Day, 292 So.2d 870 (La.App. 1st Cir. 1974); Port Finance Co. v. Ber, 45 So.2d 404 (La.App.Orl.1950).
For the foregoing reasons, the trial court judgment is correct and it is affirmed at the appellants' costs.
AFFIRMED.
NOTES
[1] La.R.S. 40:1427(B)(3) provides:

"B. In computing service earned, members of this pension and retirement system shall be credited with all time served as follows:
* * * * * *
(3) Not to exceed three years of service as an employee in any city or municipal police department or any sheriff's department in Louisiana or as an employee of the Department of Public Safety in the capacity as a sworn, commissioned law enforcement officer, by any state police employee who was such an employee on December 31, 1976, provided that application and payment of required contributions are made prior to September 9, 1978. Computation of contribution for purchase of service credit by commissioned officers of the Department of Public Safety, office of state police will be computed as follows:
Computation base will be monthly salary of the employee at the date of request. Total base will be computed at this monthly salary times the months applied for up to thirty-six. For each year, or portion thereof of credit, employee shall pay an amount equal to the current annual, or pro rata portion thereof, employee contribution, plus the employer percentage of this base, computed as follows:
Employer percentage is to be computed by relation of total funds paid into pension fund by all state sources and total salaries paid to all commissioned officers during the fiscal year immediately preceding request date. This percentage is not to exceed ten percent nor be less than seven and one-half percent."
[2] La.R.S. 40:1427(B)(1) provides:

"B. In computing service earned, members of this pension and retirement system shall be credited with all time served as follows:
(1) Members of the division of state police shall be credited with service credit in the following manner:
Any commissioned state police officer who was transferred or assigned by the superintendent of the division of state police to perform police duty at any war plant or at the establishment of any employer who, in the opinion of the superintendent of state police, contributed to the war effort during World War II, shall have credited to his service record in the department all of the actual time served by him at such plant or establishment."