Dear Mr. Domingue:
You request an opinion based upon the following facts. A retired state employee receiving benefits from the Louisiana State Employees Retirement System is hired by your agency to help in preparing for an election. The retiree receives $4,000.00 during the fiscal year in retirement benefits from the Louisiana State Employees Retirement System. This retiree is paid $12,000.00 during the same fiscal year for work performed for your office. The retiree thus earns $10,000.00 in excess of 50% of his annual retirement benefit.
The retirement system, in the fiscal year immediately following your report to it, withholds the entire $4,000.00 retirement benefits due the retiree. The retirement system also withholds for the second year the $4,000.00 in retirement benefits and in the third year $2,000.00 of the retirement benefits. The retirement system thereby recovers over a three year period from the retiree the $10,000.00 that is in excess of 50% of its annual retirement benefit.
You ask whether the Louisiana State Employees Retirement System may attempt to recover a retiree's excess earnings after expiration of the 12 months immediately following receipt by the retirement system of the employers report. You also ask whether the Retirement System may recover more money from the retiree than was paid by the retirement system in benefits during the fiscal year.
It is the opinion of this office that it is unlawful for a state agency covered by the Retirement System to hire a retired state employee receiving retirement benefits if the amount of compensation received by the employee during the fiscal year will exceed 50% of the employee's retirement benefit. If such a situation occurs the retiree must be returned to active service and is governed by the provisions of R.S. 42:557.
It is also the opinion of this office that the Louisiana State Employees Retirement System may reduce the retirement benefits only during the 12 months immediately following receipt by the retirement system of the employers report. Further it is the opinion of this office that the retirement system may not recover any amounts greater than the amount of retirement benefits due the retiree during that same 12 month period.
La. R.S. 42:574 states:
 "A. Any person on regular retirement under the Louisiana State Employees' Retirement System may be employed by any employer covered by this system during any fiscal year, provided that his earnings in such employment do not exceed fifty percent of his annual retirement benefit for such fiscal year. For the purposes of this Section, there shall be an annual cost-of-living adjustment to the annual retirement benefit figure used in these computations. This cost-of-living adjustment shall be based upon and directly reflect the annual percentage increase or decrease in the Consumer Price Index for the preceding year.
 B. Should any retiree earn from an employer covered by this system more than fifty percent of his annual retirement benefit as adjusted under Subsection A, during the fiscal year, his retirement benefits in the following twelve months immediately after the retirement system receives the employer's report shall be reduced so that the total reduction equals the amount earned in excess of fifty percent of his annual retirement benefit as adjusted under Subsection A, for the twelve-month period covered by the report.
 C. The retiree and the appointing authority of the employer covered by this system shall immediately notify the system of the retiree's date of employment, the amount of his starting salary, any subsequent changes in salary, estimated duration of employment, and date of termination of employment.
 D. Should any employer covered by the retirement system employ a retiree and fail to submit the report required by Subsection C, the retiree shall be considered as returning to active service. His retirement benefit shall be suspended during such active service and he shall be governed by the provisions of R.S. 42:557." (Emphasis supplied)
Under R.S. 42:574(A) it is unlawful for any State agency covered by the State Employees Retirement System to employ a retiree who will earn more than 50% of his retirement benefits. If an agency wishes to hire a retiree and pay more than 50% of the retirement benefit it must return the retiree to active service. The payment of wages and retirement benefits will then be governed by R.S. 42:557. Therefore, the situation you stated should not be occurring. However, since it has occurred therefore this office must address the remaining questions.
A public employee who is receiving retirement benefits has vested right to those benefits. Louisiana State Troopers v. Louisiana State Police etc.,417 So.2d 440 (La.App. 1st Cir. 1982). Any provision which authorizes the denial or reduction of vested rights must be strictly construed. The rules of construction were distinctly stated Spragio v. Board of Trustees,468 So.2d 1323, 1326-1327 (La.App. 1st Cir. 1985).
 "The fundamental rule of construction is to ascertain and give effect to the intention of the legislature as expressed in the statute. It is, therefore, presumed that the legislature understood the meaning and effect of the words used in a statute and intended to use those words, that every provision has a useful, and that effect is to be given to each provision.
When a statute is clear and free from all ambiguity, it must be given effect as written. Furthermore, a statute should be construed according to the fair import of its words, taken in their usual sense in connection with the context." (Citations omitted)
The legislature in R.S. 42:574 limited reduction of retirement benefits to "the following twelve months immediately after the retirement system receives the employer's report." This wording is free from all ambiguity and it is presumed the legislature understood and intended the meaning and effect of these words.
It is the opinion of this office that a retiree has a vested right in his retirement benefits. The State Employees Retirement System may reduce these benefits under R.S. 42:574 only in strict compliance with that statute. Therefore, if a retiree receives compensation from a state agency that is more then 50% of his annual retirement benefits than the retirement system may reduce the annual retirement benefit ONLY for the twelve months immediately following the retirement systems receipt of the employers report.
Your second question is whether the retirement system may collect from the retiree any earnings that exceed the amount of retirement benefits due the retiree. Louisiana Civil Code Article 2304 states that "a thing not due is that which is paid on the supposition of an obligation which did not exist, or from which a person has been released." Civil Code Article 2301
provides that "he who receives what is not due to him whether he receives it through error or knowingly, obliges himself to restore to him from who he has unduly received."
Louisiana Civil Code Article 4 says "when no rule for a particular situation can be derived from legislation or custom, the court is bound to proceed according to equity. To decide equitably, resort is made to justice, reason, and prevailing usages." In interpreting conventional obligations or contracts Civil Code Article 2055 states: "equity, as intended in the preceding articles, is based on the principles that no one is allowed to take unfair advantage of another and that no one is allowed to enrich himself unjustly at the expense of another."
In the situation presented by you the retirement system is obligated to pay $4,000.00 annually in retirement benefits. R.S. 42:574 allows the retirement system to REDUCE RETIREMENT BENEFITS because of excess earnings. The statute does not allow the retirement system to obtain from the retiree more money than the retirement system is obligated to pay during the applicable twelve month period. In other words the retirement system cannot recover from the retiree more than the $4,000.00 it is obligated to pay during the twelve month period. It cannot recover the additional $6,000.00 because that would be payment of a thing not due.
If you have any questions regarding this matter please feel free to call me.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: J. MARVIN MONTGOMERY Assistant Attorney General
JMM:rjh 0572p