Dear Dr. Hopson:
I am in receipt of your request for an Attorney General's opinion concerning the merger of Elaine P. Nunez Vocational Institute and St. Bernard Parish Community College and the benefits that were awarded the employees of the pre-existing institutions.
As you have indicated, Nunez Community College was created in 1992 by an act of the Legislature which is found in LSA-R.S.17:1822. At the time of the merger, employees of St. Bernard Community College which was under the direction of St. Bernard Parish School Board, were guaranteed that the School Board would continue to pay the employee portion of health insurance premiums upon retirement. You state that since these employees are no longer employees of St. Bernard Parish Community College and are now employees of Nunez Community College, the College's stand is that these employees are no longer entitled to the benefit of having Nunez College pay the employee portion of their health insurance premium upon retirement. You indicate that the employee's feel that the legislation creating the merger states differently. In light of these facts, you would like an Attorney General's opinion on the following:
 1) Whether the former employees of St. Bernard Community College are still entitled to the benefit of Nunez Community College paying the employee portion of their health insurance premium upon retirement?
 2) Whether the employees that were retained pursuant to the merger are able to receive both the new benefits awarded them at Nunez College and the old benefits enjoyed as employees of St. Bernard Community College. More specifically, are these employees eligible for both the new schedule and pay increase and the old insurance payment benefit?
LSA-R.S. 17:1822C(2) and (3) address the rights and privileges of the faculty members and employees at either of the pre-existing institutions. It states the following:
 (2) All faculty members and employees at either of the pre-existing institutions shall be retained in their positions, pursuant to the same policies and conditions applicable to them under the pre-existing institutions, pursuant to the provisions of this Paragraph. The administration of the community college, established in this Part, shall undertake a careful and deliberate review of the programs, faculty, and employees of each of the pre-existing institutions and provide for a transition consistent with the mission of the community college that provides an opportunity to the faculty and employees of the pre-existing institutions to undertake roles in the new institution that are at least equivalent to their roles in the pre-existing institutions. Such opportunity shall include provision of additional training or professional development at no cost to the faculty member or employee as is necessary to prepare such faculty member or employee to undertake his role in the community college.
 (3) Students, faculty, and employees of the community college shall be entitled to and eligible for all benefits provided by law or regulation for students, faculty, and employees of other two-year institution of higher education.
Section C(2) of LSA-R.S. 17:1822 appears to address the right to employment and continued employment of faculty members and employees. It requires the administration of the community college to offer retraining or professional development at no cost to the faculty member or employee in order for that individual to make necessary preparations to undertake his or her role at the community college. Section C(3) entitles all student faculty and employees of the community college to be eligible for all benefits provided by law or regulation for students, faculty, and employees of other two-year institutions of higher education. However, the benefits provided by law or regulation to these employees do not include the payment of a portion of an employee or faculty member's health insurance premium upon retirement.
Additionally, in Louisiana State Troopers Association v.Louisiana State Police Retirement Board, 417 So.2d 440 (1st Cir. 1982), the First Circuit Court of Appeal held that a public employee's right to retirement benefits does not become vested until eligibility for retirement is obtained. Prior to the achievement of retirement eligibility, the right of a public employee is inchoate and details of a contributory retirement system such as rate of contribution, benefits, length of service and age requirements may be modified by the legislature to the prejudice of an employee. The court concluded that the Legislature may legitimately make changes and modifications in the details of retirement systems to the prejudice of employees prior to the time that they have achieved eligibility for the purpose of improving actuarial integrity of the system.
A thorough reading of Louisiana State Troopers Association, supra, indicates that St. Bernard Parish School Board's policy of contributing the employee portion of health insurance premiums to employees at St. Bernard Community College upon retirement is not a right that vests with these employees until they are eligible for retirement. Therefore, the employees that were previously employed with St. Bernard Community College and subsequently employed at Nunez Community College are not entitled to have Nunez Community College pay the employee portion of their health insurance premiums upon retirement.
Also, it appears that LSA-R.S. 42:851 limits the State's contribution to health insurance premiums to fifty percent of the total premium paid. LSA-R.S. 42:851B(2) states the following:
 B. (2) Any parish or city school board exercising the option to participate in any private group policy or program described in Subsection A of this Section other than the State Employees Group Benefits Program may be reimbursed by the board, in an amount not to exceed fifty percent of the premium that would have been paid on behalf of its employees as members of the State Employees Group Program, from funds appropriated by the legislature for this purpose; however, any funds heretofore being paid from local sources by a parish or city school board for such a local group insurance policy shall continue to be used to provide the benefits described in Subsection A of this Section and for additional salaries or other benefits to the employees of the school board. School boards may pay from local funds any portion of the cost of the group policy or program described in Subsection A of this Section not reimbursed from state funds.
In answer to your second question, the employees that were retained pursuant to the merger will be eligible for the new schedule and pay increases but will not be entitled to receive the old insurance payment benefit.
I hope this opinion sufficiently addresses your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
BY: __________________________ BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc c:\97-8.op